## Cunningham v. Flinn and Another, in Error.

*Thursday,*      THIS was an action of covenant for not conveying real es-
*November 6.* tate.   The case required, that the declaration should aver that
the purchase-money had been paid before the suit was com-
menced.   This was done; but the day and place of pay-
ment were not stated.   *Held,* that as the payment was averred
to have been made before the commencement of the suit, the a-
verment was sufficient on general demurrer; that the particu-
lar day and place of payment, in such a case, are matters of
form; and that their omission can only be objected to on special
demurrer.   27 Eliz.—4 & 5 Anne.—*Bowdell* v. *Parsons*, 10
East, 359.—*Higgins* v. *Highfield*, 13 ib. 407 (1).

(1)  Vide Stat. 1823, pp. 298, 9.

## Lindley v. Lukin, in Error.

*Friday,*          IN debt on a penal bond conditioned for the conveyance of
*November 7.* real estate, the Court held, that the value of the improvements,
made by the obligee subsequently to the time when his cause
of action accrued, cannot be taken into consideration by the
jury, in determining the quantum of damages to which he is
entitled.

*Quære,* whether in actions of this nature, the purchase-money,
with interest and costs,—or the value of the property, with the
improvements, when the right of action accrues,—should be the
measure of damages (1).

(1)  The Court has since decided, that for a breach of the covenant of sei-
sin in a conveyance of real estate—and for a breach of covenant to convey—
if there be no fraud, the consideration money with interest is the measure of
damages.   *Blackwell* v. *The Board of Justices of Lawrence County*, *May* term,
1828, post.   As to the usual covenants in conveyances of real property, the
mode of assigning breaches in actions on them, the measure of damages, and
as to their running with the land, vide *Duvall* v. *Craig*, 2 Wheat. 62, note.—
*Smith* v. *M'Campbell*, ante, p. 100, and note.