May Term, 1840.

REDPATH v. NOTTINGHAM.

---

Redpath and Another *v.* Nottingham, Treasurer.

The bond required by statute to be given by tavern keepers, &c., may be made payable to the county treasurer, without either naming him or containing the words "and his successors in office."

One of the breaches assigned in a suit on such bond was, that the person licensed sold spirituous liquors on Sunday, &c. to one *A. B.* &c. *Held*, that the omission to state the day and year when the offence was committed, could not be taken advantage of on general demurrer.

If in such suit several breaches be assigned, one of which is good, a demurrer to the whole declaration for the insufficiency of the breaches assigned, must be overruled.

May Term,
1840.

REDPATH
v.
NOTTINGHAM.

Tuesday,
May 26.

The defendant in such suit cannot assign for error, that the judgment is for the damages assessed, instead of being for the penalty, if the assessment be less than the penalty.

APPEAL from the *Delaware* Circuit Court.

BLACKFORD, J.—*James Nottingham*, treasurer of *Delaware* county, brought an action of debt for 500 dollars against *Charles Redpath* and *Eleazer Coffeen*. The declaration states that the defendants, on, &c., made *to the treasurer of Delaware county* their penal bond, &c., conditioned that *Redpath* should not permit gambling or disorderly conduct in his grocery, nor sell spirituous liquors on Sunday, except to travellers; and that the plaintiff is now treasurer of the county. Breach, that *Redpath* permitted gambling and disorderly conduct in his grocery, and sold spirituous liquors on Sunday to persons not travellers, to wit, to one *John Crowder* and others. By reason, &c.; yet, &c. Damage, 50 dollars. General demurrer to the declaration, and judgment for the plaintiff. Jury of inquiry, and damages assessed at 250 dollars. On the return of this assessment, *Andrew Kennedy* complained to the Court, under a provision of the statute, that the bond was forfeited, and prayed that the license might be suppressed. Judgment for 250 dollars, (being the damages assessed,) with costs; and that the license be suppressed.

One error assigned is, that the bond is void, because the name of the obligee is not inserted; but the objection is not valid. The statute requires the person licensed to keep a grocery, to give bond to the county treasurer and his successors in office, conditioned, &c. Rev. Stat. 1838, p. 582. The bond before us is payable to the county treasurer; but his name and the words "and his successors in office" are omitted. The validity of the bond is not affected by these omissions. The bond must be considered payable to whoever is treasurer when the suit is brought. The plaintiff is such treasurer, according to an averment in the declaration.

Another error assigned is, that the breaches are not well assigned. The breach that liquor was sold on Sunday to *Crowder*, who was not a traveller, is sufficient on general demurrer. The day of the month and the year when the sale was made are not stated, but those are matters of form.

*Cunningham* v. *Flinn et al.* 1 Blackf. 266. One breach being well assigned, the demurrer to the whole declaration was properly overruled.

The last objection made is, that the judgment should have been for the penalty, and not for the damages assessed; but the defendant below cannot complain that the judgment against him is for too small a sum.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*J. S. Newman,* for the appellants.

*A. Kennedy,* for the appellee.