Trentman v. Fletcher et al.

Filed Jan. 28, 1885.

---

No 6416.

## TRENTMAN v. FLETCHER ET AL.

PROMISSORY NOTE.—*Principal and Surety.—Oral Contemporaneous Agreement between Payee and Surety.—Consideration.*—Where it is orally agreed between the payee of a promissory note—made in the usual form, due in six months, and payable without any condition expressed—and one of the makers who signed as surety, contemporaneously with the [making of the note, that in consideration that such surety would secure a debt then owing by F., the other maker, to the payee, a wholesale merchant, the latter would extend to F. such "further credit for goods as would enable him to carry on his business," and would credit on the note all sums of money which F. should thereafter pay him until the note was fully paid, such agreement can not be pleaded or proved to discharge the surety from liability on such note, first, because it is too uncertain, and can not be enforced, and, second, because it is in contradiction of the terms of the note.

SAME.—*Pleading.—Payment.—Demurrer.*—In such case, a paragraph of answer settting out the above facts, and further averring that after the note was executed, and prior to its maturity and before suit thereon, F., "under and by virtue of said contract and agreement," paid to the payee, at different times, sums of money equal to the amount of said note, by which it was fully paid, is good on demurrer as a plea of payment.

SAME.—*General Scope and Tenor of Pleading.—Failure of Consideration.*—Where the general scope and tenor of another paragraph of answer in such case is to set up, as a plea of failure of consideration, the agreement between the surety and the payee, and the refusal of the payee to perform it, such paragraph can not be held good as a plea of payment, even if the facts alleged would be otherwise sufficient for such purpose.

SAME.—*Application of Payments.*—If money be paid by the principal maker to the payee from time to time, after the note has matured, with directions to apply it on the note, it is his duty so to apply it, and if he fails or refuses the law will make the application, irrespective of the agreement between the payee and surety.

PLEADING.—*Premature Bringing of Action.—Complaint.—Demurrer.*—Where a complaint does not show upon its face, or by proper exhibits attached, that the action has been prematurely brought, it is not bad on demurrer for that reason.

From the Allen Circuit Court.

*J. Morris, W. G. Colerick, H. Colerick* and *T. W. Colerick,* for appellant.

*R. S. Robertson, R. S. Taylor* and *J. B. Harper,* for appellees.

MITCHELL, J.—The decision to be made in this case involves the validity of an oral agreement made contemporaneously with the execution of a note, between the payee and one of the makers, who signed as surety.

This note is declared on as the foundation of the action, and from a copy, which is set out in the complaint, it appears to be the joint note of the appellees Fletcher and Lillie, and is drawn in the usual form, for $3,299.55, due in six months, without interest, payable without any condition expressed.

Lillie answered separately in two paragraphs. The first paragraph presents, in substance, this state of facts: That at the time of the execution of the note, Fletcher was engaged in business as a merchant, and had prior thereto become indebted to Trentman, who was a wholesale merchant in the city of Fort Wayne, in the amount mentioned in the note. Fletcher desiring further credit from Trentman, which he was not willing to extend without having the indebtedness already accrued secured, it was agreed between Lillie and Trentman, that if he would secure the debt then owing by Fletcher to him, he would extend to Fletcher such further credit for goods as would enable him to carry on his business, and that he would credit on the note which Fletcher and Lillie were to give all sums of money which Fletcher should thereafter pay him until the note was fully paid, and that this agreement formed the whole consideration upon which Lillie signed the note.

The answer further avers that after the note was executed, and before it fell due, and before the bringing of suit thereon, Fletcher, " under and by virtue of said contract and agree-

ment," paid to Trentman at different times divers sums of money, in all amounting to $3,380, by which payments it is averred the note was fully paid.

In the second paragraph, Lillie alleges substantially the same agreement with Trentman as the consideration upon which he signed the note, to which is added the following averments:

"That in consideration of said agreement this defendant agreed to sign said note as surety for said Fletcher; that thereupon said plaintiff prepared a pass-book for the use of said Fletcher, and entered a memorandum of said agreement therein as follows: 'August 27th—Note for $3,299.55, signed C. C. Fletcher and James Lillie. All money Cr. here to be applied on this note;' that under said memorandum and accompanying and contemporaneous agreement, plaintiff made divers entries at divers times of moneys so paid by said Fletcher, amounting to the sum of $1,220.80, and on or about the 23d of September, 1874, the plaintiff refused to enter thereon any further credits of payments made by said Fletcher, against the wish and demand of the defendants, and each of them, that he should make such entries of credits for moneys paid; that thereafter, at divers times, said Fletcher made divers payments to plaintiff under said agreement, amounting, in addition to the above named sum of $1,220.80, to the sum of $2,160, in all to the sum of $3,380.80, which should, under said agreement, have been applied in payment of said note; that all of said payments were made before said note became due, and before said suit was brought, whereby said note became fully paid and satisfied. Wherefore," etc.

Separate demurrers were filed and overruled to each of these answers, and it is now contended by the appellants that the ruling of the court in holding the answers good was error.

That the consideration upon which a surety or guarantor signed a note may be different from that moving between the payee and the principal debtor, can not be doubted. Whether this consideration can be averred and proved when it is not evidenced by a contemporaneous writing, so executed as to be-

come part of it, must depend upon the nature of the agreement upon which it rests.

If to prove the consideration upon which the surety signed the note would involve the proving of an agreement which would contradict or vary any of its terms, then its proof would fall within the inhibition of the well settled rule which forbids. the contradiction or variance of a note or other written instrument by parol.    This rule applies as well to the surety as to the principal.

If, however, the consideration grows out of a valid agreement between the payee or obligee of a note or contract and the surety thereon, which is collateral to and not in contradiction of its terms, then the rule is that it may be set up and proved.    In the case of *Tucker* v. *Talbott*, 15 Ind. 114, a surety who had signed a note for the payment of $437, due one day after date, sought to show that he signed it in consideration of an agreement made with the payee, that he, the payee, should retain the principal debtor in his service, as a clerk, at a stipulated salary, and that a portion of the salary was to be applied in discharge of the note.    It was held that this was a contradiction of the terms of the note, and therefore not allowable, and so it plainly was, for the reason that by the terms of the writing the surety bound himself one day after date to pay a certain sum of money, and to have permitted proof of an agreement that the note might be discharged by the labor of the principal at a different time, would have been in effect to set aside the writing with proof that the surety was not to pay at all.    Of like character was the agreement set up by a surety in *Brush* v. *Raney*, 34 Ind. 416.

In *Campbell* v. *Gates*, 17 Ind. 126, the surety set up as a defence that he signed the note sued on, upon the consideration that the payee of the note agreed to procure his release from another note which he had signed for his principal to a third person, which agreement, it was averred, the payee had failed to perform, by reason of which the surety claimed that the consideration upon which he signed the note had failed.

In that case, the answer was held good as showing a failure of consideration, and upon the ground that proof of the consideration upon which the surety signed the note did not conflict with any of its terms. To the same effect see *Port* v. *Robbins*, 35 Iowa, 208; Brandt Suretyship and Guar., section 352; *Swope* v. *Forney*, 17 Ind. 385.

Where a surety signs a note, in consideration of an agreement with the payee that the latter should do something in the future, if the agreement is sufficiently certain and of such a character that the surety has a right to rely on its performance, and such agreement is not a contradiction of the note, or some of its terms, we perceive no reason why a failure on the part of the payee to perform should not be held a failure of the consideration as between the payee and surety.

An agreement that Trentman should give Fletcher " further credit for such goods as he, said Fletcher, should need to carry on said business," is too vague, indefinite and uncertain to be the basis of any contract. It is only where a surety can show such a contract, as the consideration upon which he signed a note, as is capable of being enforced or compensated in damages, or as would in itself be a sufficient consideration for a promise or undertaking, he having performed his part, as that the breach of it will avail him as a defence.

The note, which called for the payment of a definite sum of money at a time fixed by Fletcher and Lillie, was, by the terms of this oral agreement, to be paid by Fletcher from time to time "until said note was paid and satisfied." This was a variance of its terms.

After setting out the agreement, the substance of which we have given, the paragraph avers that Fletcher, "under and by virtue of said contract and agreement, * * * paid to said plaintiff, at divers times before said note became due and before this suit was brought, divers sums of money, in all amounting to the sum of $3,380.00, that being more than the amount due on said note, and by which payments said note became and is fully paid and satisfied." Treating all that is

said about the agreement upon which Lillie signed the note as surplusage, the first paragraph can be held good as a plea of payment.

It will not be presumed, however, that having pleaded payment in the first paragraph, it was intended that the second paragraph should perform the same office. Indeed, it is plain that it was not so intended, but that the scope and tenor of that answer is to set up the contract between Lillie and Trentman, and the refusal of Trentman to perform it, as a plea of failure of consideration.

The rule laid down by this court is, that the sufficiency of a pleading is to be determined from the general scope and tenor of its averments. It is not competent, even if that was intended by the pleader, to set up the contract by way of confession and avoidance, and at the same time, and in the same paragraph, rely on other matter to make a good plea of payment. The answer must be one thing or the other, and having in the first paragraph averred payment, it could not have been supposed that it was necessary to plead payment in the second. *Kimble* v. *Christie*, 55 Ind. 140; *Platter* v. *City of Seymour*, 86 Ind. 323, and cases there cited. Besides, the facts stated fall short of constituting a good plea of payment of the whole note. Applying this rule to the interpretation of the second paragraph of answer, it must be held that the demurrer to it should have been sustained.

The case seems to have been tried upon the theory that the alleged contract between Lillie and Trentman was an important factor in the defence, which, as we have already concluded, was an erroneous assumption. As a matter of course, if money was paid by Fletcher to Trentman from time to time, after the note matured, with directions to apply it on the note, it was his duty so to apply it, and if he received it, and failed or refused to so apply it, the law would make the application, irrespective of the alleged agreement between Trentman and Lillie; and for the reason that under the second paragraph of answer, which we have held insufficient,

the case seems to have been tried on an erroneous theory, we think it should be reversed so that it may be tried in accordance with the principles here indicated.

As to Fletcher we see no error in the record, and as to him the judgment is affirmed; as to Lillie judgment reversed.

Filed Jan. 20, 1885.

## ON PETITION FOR A REHEARING.

MITCHELL, J.—The appellee has presented a petition for rehearing which is supported by an elaborate argument. That the law of the case as applicable to the points decided in the original opinion was correctly announced, is not disputed, but it is insisted that the court overlooked one of the points made in the original brief by counsel, to the effect that the complaint was bad, and that, therefore, the judgment should have been affirmed, on the ground that even if the second paragraph of answer was bad, it was good enough for a bad complaint.

It is said that suit was commenced on the note before it was due, and it is now argued, that as a demurrer was filed to the complaint below and overruled, the court committed an error, and, therefore, this court should have carried the appellee's demurrer to the answer back to the complaint, and affirmed the judgment. The ruling of the court below on the demurrer to the complaint was right.

The record entries show that the complaint was filed in the court below on the 5th day of February, 1875. It does not appear from the record that any summons was issued. On the 15th of February, twelve days before the note fell due, the defendants appeared and submitted to a rule to answer. On the 17th the parties appeared and answers were filed by both defendants, and on the 5th day of March the plaintiff put the case at issue by filing replies. The record shows that the case was then continued. On the 18th day of October, some eight months after the note fell due, the plaintiff filed an amended complaint, with a copy of the note attached,

which is the only complaint set out in the record, and in this complaint it is averred that the note is due and remains unpaid. To this amended complaint the appellees filed a demurrer, which was overruled, which is the ruling now complained of as erroneous.

In the consideration of the demurrer the court could look to the complaint and the demurrer, and nothing else, and these papers would not disclose the fact that the suit was commenced before the note fell due.

Upon a demurrer, the court inspects the pleadings before it and passes upon their sufficiency from what appears upon the face of the papers and from proper exhibits attached. A demurrer is allowed only where the defect appears upon the face of the complaint. *Douglass* v. *Blankenship*, 50 Ind. 160.

An action is commenced when a summons is placed in the hands of the sheriff for service, or when the defendant appears in some way recognized by the law. *Charlestown School Tp.* v. *Hay*, 74 Ind. 127. But these are questions of fact which can not be determined on a demurrer to the complaint.

In the case of *Hust* v. *Conn*, 12 Ind. 257, this court said : "Whether the summons was or was not prematurely issued, does not appear in the complaint, and the statutory rule is, that a demurrer reaches such defects only, as appear on the face of the pleading."

If, upon looking at the complaint and the exhibits attached, it had appeared that the cause of action was not then matured, the contention of counsel would be correct. Such is not the case here. When the demurrer was filed in the court below, the cause of action was more than eight months past due, and if the defendants desired to present to the court the fact that the suit was prematurely commenced, it should have been done by answer. Counsel rely on *Seldonridge* v. *Connable*, 32 Ind. 375. We do not think that case, fairly considered, holds anything contrary to what is here said.

Petition for a rehearing overruled.

Filed March 11, 1885.