Tucker *v.* Tucker.

No. 12,512.

TUCKER *v.* TUCKER.

PROMISSORY NOTE.—*Security for Marriage.—Contemporaneous Parol Agreement.—Payment.—Evidence.*—Where, contemporaneously with the execution of a promissory note, it is orally agreed by the parties that, if the maker shall marry the payee, the latter will dismiss proceedings in bastardy and for breach of marriage contract pending against the former and the note shall be deemed satisfied, the agreement and its performance by the maker may be proved to defeat an action by the payee on the note, as showing payment; but such defence may be avoided by a showing that the agreement of the defendant was not only to marry the plaintiff, but also to treat her properly, which he had failed to do, and that on account of his cruelty she had been compelled to get a divorce.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener*, for appellant.
*E. K. Adams* and *L. J. Hackney*, for appellee.

MITCHELL, J.—The chief contention in this case is, whether or not the fourth paragraph of answer stated facts sufficient to constitute a defence to the complaint.

The suit was to recover upon a promissory note, by the terms of which Dennis C. Tucker promised to pay Mary Bensheimer, one day after date, the sum of two thousand dollars.

The answer alleged that prior to the execution of the note the payee thereof had instituted a bastardy proceeding against the defendant, and had also brought a suit against him for the breach of a marriage contract. It averred that on the day of the execution of the note it was mutually agreed between the parties thereto, that, in consideration that the plaintiff would dismiss the several suits then pending against the defendant, the latter would marry the plaintiff, and that the note in suit was executed as a security that the defendant would faithfully keep and perform his agreement, and upon no other consideration whatever.

The answer further alleged that it was agreed at the time of the execution of the note, that if the defendant should thereafter comply with his agreement, and marry the plaintiff, such compliance with the agreement would be accepted as a complete satisfaction of the note, which was then to be delivered up and cancelled.

The defendant alleged that he fully kept and performed his agreement, by marrying the plaintiff, and thereby becoming her lawful and wedded husband.

It is contended on the appellant's behalf, that the answer presents nothing more than an attempt to add conditions to and to vary and contradict the express terms of the note in suit, by setting up a contemporaneous parol agreement.

It is, of course, abundantly settled that conditions can not be engrafted upon written instruments by proof of prior or contemporaneous oral agreements ; nor is it competent to show an executory parol agreement that a promissory note, which is payable absolutely and unconditionally on its face, was not to be paid in case a certain event happened, or failed to happen, or that it was to be, or might be, paid in any manner different from what it purported to be by its terms. *Potter* v. *Earnest*, 45 Ind. 416 ; *McClintic* v. *Corey*, 22 Ind. 170 ; *Singer Mfg. Co.* v. *Forsyth*, 108 Ind. 334; *Rhoads* v. *Jones*, 92 Ind. 328 ; *Trentman* v. *Fletcher*, 100 Ind. 105 ; *Snyder* v. *Koons*, 20 Ind. 389; 1 Daniel Neg. Instr., section 81.

This rule does not, however, prevent the maker of a promissory note from alleging and proving an *executed* agreement, made at the time of the execution of the note, that it should be delivered up upon the performance of certain conditions by the maker. The effect of averments and proof of that nature is not to vary, contradict or add to the note, but to show that, according to the terms of a collateral agreement, made at the time, and since fully executed, the note has been paid and satisfied.

Thus, in *Hagood* v. *Swords*, 2 Bailey, 305, O'NEALL, J.,

said: " The defence in this case is, that the defendant had done an act, which the plaintiff agreed should be a payment, or satisfaction of the note. It is perfectly competent for parties to make, or discharge their contracts, upon such terms as they please."

So, in *Crosman* v. *Fuller*, 17 Pick. 171, it was held that parol evidence was admissible to prove that the note sued on was given upon an agreement previously made between the maker and payee, to the effect that if the estimated value of the payee's interest in certain land was expended by the maker in the payee's support, the note should be void, and that the defendant had expended a sum in support of the payee in excess of the value of the land.

In such a case, performance of the condition amounts to payment of the note.

Thus, in the recent case of *Buchanon* v. *Adams*, 9 Cent. Rep. 120, the Court of Errors in the State of New Jersey held, where the object was to show that the note sued on had been satisfied, that evidence was admissible to show that contemporaneously with the making of the note it was agreed between the parties that merchandise should be taken in satisfaction of the amount to become due, and that the merchandise had been delivered according to the agreement. *Low* v. *Treadwell*, 12 Maine, 441 ; *Bradley* v. *Bentley*, 8 Vt. 243.

Agreements such as that in question are of a nature that their performance can not be coerced so long as they remain executory, but after they have been fully executed, the performance relates back to the agreement, and satisfies the original obligation. *Laboyteaux* v. *Swigart*, 103 Ind. 596 ; *Willetts* v. *Sun Mut. Ins. Co.*, 45 N. Y. 45.

If, therefore, it be true, as the demurrer admits, that the note in suit was given merely as a pledge or security that the defendant would perform his contract, and marry the plaintiff, and if it be true that the parties mutually agreed that compliance with the contract should be accepted as satisfaction of the note, and that the defendant complied with the

contract, then the case is brought fairly within the principles which ruled in the analogous cases above cited. It was, therefore, not error to overrule the demurrer to the fourth paragraph of answer. It follows, also, that the evidence admitted in support of the answer was competent.

After the defendant had given testimony in support of his answer, the plaintiff called a witness, and by proper questions proposed to show that the witness, as agent for the plaintiff, negotiated a settlement with the defendant, which resulted in the execution of the note in suit four days after the settlement thus negotiated had been made. It was proposed to prove by this witness that the agreement actually made was that the defendant should marry the plaintiff, and take care of and treat her as a husband should treat his wife; and that, although he had married her, he had nevertheless treated her in a manner so cruel and inhuman as to drive her from his house, so that she was compelled to obtain a divorce from him. This evidence was erroneously excluded.

The defendant had set up an affirmative answer, under which he gave evidence tending to prove that, according to the agreement made at the time the note was executed, it had been satisfied by the subsequent marriage alone, and that, therefore, the note should have been surrendered. The plaintiff had denied the answer. She was, therefore, entitled to introduce any competent evidence to show that the agreement was different from that testified to by the defendant, and that it had not been performed. True, the evidence proposed tended to prove a settlement made by the defendant and the plaintiff's father some days before the note was executed, but it was proposed in that connection to prove that the adjustment finally made was but a ratification by the plaintiff of the settlement previously made by her father, and that the settlement as made required the defendant to do something more than to merely marry the plaintiff. The theory of the plaintiff's evidence was that she had personally made no settlement, but had accepted the note, on the day follow-

ing her marriage, in pursuance of a settlement previously made by her father.

It was error to exclude the evidence, and for this error the judgment must be reversed, with costs.

Filed Nov. 3, 1887; petition for a rehearing overruled Feb. 9, 1888.