Zimmerman v. Adee.

No. 14,134.

## ZIMMERMAN v. ADEE.

PROMISSORY NOTE.— *Contemporaneous Parol Agreement.* — *Payment.* — *Evidence.*—Parol evidence will not be received for the purpose of engrafting upon a promissory note which appears upon its face to call for the payment of a definite sum of money at a specified time, absolutely and unconditionally, a condition which contradicts its terms and subverts its legal effect; but where the parol evidence shows an agreement whereby the note sued on might be paid, or satisfied, otherwise than by the payment of money, and that in pursuance of such agreement it had actually been satisfied and surrendered up to the maker, who cancelled it as a paid note, it is admissible.

From the Noble Circuit Court.

*D. W. Green, F. P. Bothwell* and *H. G. Zimmerman,* for appellant.

*P. V. Hoffman,* for appellee.

MITCHELL, J.—The merits of this appeal may be disposed of by considering the facts returned by the jury in a special verdict. The suit was brought by Zimmerman against Adee, to recover on a promissory note executed by the latter, payable to the former. The pleadings presented, as issues to be tried, that the note had been executed without consideration, and that it had been paid. The jury returned, substantially, the following facts: On the 20th day of January, 1883, Zimmerman held a note against Sites, the principal of which, including accumulated interest, amounted to $295. Sites was insolvent, and was about to make a sale of his personal property at public auction, with a view of removing to a foreign State. It was agreed between Zimmerman and Adee that the latter should attend the auction sale which Sites had in contemplation, and bid off property to the amount of the note due from the latter to Zimmerman, and that he should tender the note in payment for the property to be bid off. In order that Adee might appear to be the *bona fide* holder of the Sites note, Zimmerman transferred it to him by indorsement, and Adee executed his note, being the one sued

on, payable to Zimmerman, for $250. It was agreed at the time that if Adee did not succeed in turning in the Sites note, in payment for property to be bid off at the sale, he was to return it to Zimmerman, and the latter was to surrender up his note. Adee attended the auction sale, bid off property to an amount in excess of the Sites note, and induced the latter to accept his note in payment to the full amount of the principal and interest. He afterwards obtained, in exchange for some of the property purchased at · the Sites sale, a note against David Keene, calling for $250, payable in wood, which latter note he proposed to exchange to Zimmerman for the note which he had theretofore executed to him for the Sites note, and which Zimmerman agreed to accept on condition that Adee would see to it that Keene delivered the wood in compliance with the terms of the note. This was agreed to, and the jury find that the plaintiff " thereupon surrendered to Adee his note, and took therefor the Keene note, pursuant to said arrangement, in payment of said Adee's note so surrendered, and said Adee then cancelled his note, and said cancelled note is the one sued on." It is found that Keene afterwards delivered wood to the amount of $37.50, and no more, and this is all that has been paid on the Keene note. So far as appears, Zimmerman retains the Keene note, and it does not appear whether the maker of that note is insolvent or not; nor whether or not Adee endorsed the Keene note. The question is, whether upon the facts thus returned the judgment in favor of Adee ought to be affirmed or reversed.

The proposition is abundantly maintained, that parol evidence will not be received for the purpose of engrafting upon a promissory note, which appears upon its face to call for the payment of a definite sum of money, at a specified time, absolutely and unconditionally, a condition which contradicts its terms, and subverts its legal effect. Accordingly, it was held in McClintic v. Cory, 22 Ind. 170, where an absolute, unconditional promissory note was executed, pay-

able by the defendant to the plaintiff, that parol evidence was not admissible to prove that it was agreed between the parties at the time that the note was not to be paid unless a certain other note, then transferred by the payee to the maker, could be set off by the latter against the payor of the note transferred, to whom the maker of the note sued on was indebted. This is in consonance with the general rule, that evidence of a contemporaneous parol agreement will not be received for the purpose of varying, adding to, or contradicting the legal effect of a written instrument. *Parks v. Zeek*, 53 Ind. 221; *Trentman* v. *Fletcher*, 100 Ind. 105; *Singer Mfg. Co.* v. *Forsyth*, 108 Ind. 334.

It is therefore perfectly clear, that if there had been nothing more than an attempt, under the guise of proving that the note had been given without consideration, to show the parol agreement between the parties in reference to the Sites note, the transfer of which was the consideration of the note in suit, the evidence would not have been admissible. But the evidence, as the facts found conclusively show, went much farther. It went to the extent of showing an agreement whereby the note sued on might be paid, or satisfied, otherwise than by the payment of money; and that in pursuance of that agreement it had actually been satisfied and surrendered up to the maker, who cancelled it as a paid note. This brings the case within the principles which ruled *Tucker* v. *Tucker*, 113 Ind. 272, and the cases there cited. In that case suit had been brought upon a note calling for the payment of $2,000, unconditionally. In answer to a complaint to recover the contents of the note it was averred that at the time of the execution of the note it was mutually agreed that if the payee would dismiss a bastardy proceeding, and an action for the breach of a marriage contract theretofore instituted by the payee, and then pending against the maker of the note, the latter would marry the plaintiff; and that it was further agreed that compliance with his agreement

to marry should be accepted as a complete satisfaction of the note, and that he had fully kept and performed his agreement, and had married the plaintiff. It was held that the rule which precluded proof of prior, or contemporaneous, oral agreements, did not prevent proof of an executed agreement made at the time of the execution of a note to the effect that the instrument should be surrendered upon the performance of certain conditions, which had been fully performed. Where the object of parol evidence is to show that a note has. actually been satisfied in some other way than by the payment of money, it is perfectly competent·for the maker to show that contemporaneously with the making of the note it had been agreed that it might be paid, or satisfied, by delivering another note, and that the other note had actually been delivered in pursuance of the agreement. *Hagood* v. *Swords,* 2 Bailey, 305; *Crosman* v. *Fuller,* 17 Pick. 171; *Low* v. *Treadwell,* 12 Me. 441 ; *Bradley* v. *Bentley,* 8 Vt. 243 ; *Buchanon* v. *Adams,* 9 Cent. Rep. 120. The facts found make it appear that at the time the note sued on was executed it was agreed that it might be satisfied by returning the Sites note, in the event a scheme which had been contrived for the purpose of circumventing another, and which, to say the least of it, reflected no credit on either of the parties concerned in it, miscarried. *Vancleave* v. *Beach,* 110 Ind. 269.

The scheme succeeded, and instead of returning the Sites note, which was supposed to be worthless, the appellant, as the jury find, in pursuance of the previous arrangement, accepted the Keene note in payment, and surrendered up the note now in suit for cancellation.

We quite agree, that taking the note of a third person for a pre-existing debt is ordinarily no payment, in the absence of an express agreement that it shall be so taken. *Godfrey* v. *Crisler,* 121 Ind. 203; *Dick* v. *Flanagan,* 122 Ind. 277.

In the case before us, however, it appears that there was

an agreement, at the time the note was taken, that in a certain contingency the note might be satisfied otherwise than by the payment of money. The plan to realize on the Sites note having succeeded possibly beyond the expectation of the parties, the jury find that a new agreement was made in pursuance of which the Keene note was taken in payment of the note sued on, which was surrendered up for cancellation. The original agreement reflects light upon the subsequent transaction, and tends to supply an agreement to take the Keene note, which grew out of the scheme in which the parties were concerned, instead of money in payment of the note sued on. For all that appears, the Keene note may be a valid money obligation by this time ; but whether it is, or not, the court will terminate the controversy by shutting the door upon the transaction, and leaving both parties where they had placed themselves.

The judgment is affirmed, with costs.

OLDS, J., did not participate in the decision of this case.

