Filed January 17, 1893.

---

No. 677.

## NOFTSGER v. SMITH.

VERDICT.—*Contrary to Evidence.—Evidence Tending to Support.—Rule as to.—* A verdict will not be disturbed as being contrary to the evidence, where the evidence is conflicting, when there is evidence sufficient to support it.

HARMLESS ERROR.— *Uninjured Party Can Not Complain.—*If the appellee received less damages than he was entitled to, if entitled to any, it is an error of which the appellant can not be heard to complain.

EVIDENCE.—*Objection to Admission of.—How Made.—*An objection to the admission of evidence simply on the ground that it is "incompetent" will not avail anything on appeal, for an objection to the admission of evidence must be reasonably specific.

From the Fulton Circuit Court.

*I. Conner* and ——— *Halderman*, for appellant.

*M. L. Essick* and *O. F. Montgomery*, for appellee.

GAVIN, J.—This was an action by Smith, appellee, to recover damages for the breach of a contract of employment by the appellant.

There was a trial by a jury, verdict and judgment for appellee, and a motion for a new trial by the appellant was overruled, with proper exceptions and assignment of error.

In support of his motion for new trial, the appellant urges that the verdict is not sustained by the evidence.

It is undisputed that appellee was employed by appellant for a year, and before the expiration of this time appellant paid him in full to the date of payment, taking

his receipt therefor, and that thereupon appellee ceased to work for appellant.

The main question presented on this point is whether appellee was discharged or quit of his own volition or by mutual agreement.

Appellant insists that the " conduct of the parties taken in connection with the payment in full of the amount due appellee, and his execution of a receipt therefor," operated as a full and complete revocation or rescission of the original contract. This was essentially a question of fact for the jury to determine under all the circumstances of the case. Taking the appellant's evidence alone to be true, there would be abundant evidence to justify a finding in his favor. On the other hand, appellee's evidence tended to show that he had performed his duties properly, was discharged without cause, was willing and asked to continue to work when notified to quit, and that, at the time of his discharge, he told appellant that he was not being treated right, and was entitled to something on the contract, and on that same day consulted an attorney and sent him to appellant. Here are abundant facts to sustain the verdict, and with this conflict in the evidence, we can not disturb the verdict upon this ground. *Squires* v. *State*, 3 Ind. App. 114.

It is also contended that the verdict was erroneous because appellee was allowed, by the jury, less damages than he should have received, if entitled to recover anything. As to this it is sufficient to say that such an error is one of which the appellant is certainly not entitled to complain. An eminent jurist says, " The rule that where there is no prejudice the errors are harmless applies, of course, to rulings that benefit the complaining party, however full of error they may be. Thus, a party can not object to a judgment rendered in his own favor upon a defective process against the adverse party, or upon instructions in his own favor, or for a failure to assess all the damages

against him, to which his adversary was entitled." Elliott's Appellate Procedure, section 632.

Another reason assigned in the motion for a new trial is the admission, over objection, of the evidence of one Todd, and the overruling of a motion to strike it out. The only ground of objection to this evidence in the court below, either in the objection to its admission or in the motion to strike it out, was that it was "incompetent."

A general objection of this character raises no question on appeal.

"Objection to evidence to be of any avail must be reasonably specific. The particular objection must be fairly stated. It is not enough to state that the evidence is incompetent, or that it is immaterial and irrelevant." *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196; *City of Evansville* v. *Thacker*, 2 Ind. App. 370.

There being no available error in the record, the judgment is affirmed at the costs of the appellant.

Filed January 17, 1893.