Croan *v.* Myers—52 Ind. App. 143.

# CROAN *v.* MYERS.

[No. 7,793. Filed January 10, 1913.]

1. BILLS AND NOTES.—*Action.—Answer.—Sufficiency.*—In an action on an ordinary promissory note, appearing on its face to be complete, an answer admitting its execution but alleging that an oral agreement was made at the time, whereby the note was not to be paid in the event an enterprise, in furtherance of which it was executed, should terminate unsuccessfully, and that such enterprise had failed, is insufficient in the absence of a showing that fraud or mistake entered into the transaction. p. 144.

2. EVIDENCE.—*Parol Evidence.—Variation of Terms of Written Instrument.*—In the absence of a showing of fraud or mistake, parol evidence is not admissible to annul or substantially vary the terms of a written instrument. p. 145.

3. BILLS AND NOTES.—*Action.—Defenses.*—Where a husband upon lending money took a note payable to his wife, the wife's delivery of the note to defendant after the death of the husband, pursuant to the husband's request, is no defense to an action thereon, in the absence of averments showing a gift, or that it was delivered pursuant to an agreement based on a sufficient consideration. p. 146.

4. BILLS AND NOTES.—*Note Payable to Wife for Money Loaned by Husband. — Consideration. — Presumptions.* — Where, a husband upon lending his money, took a note payable to his wife, it will be presumed, in the absence of any averment to the contrary, that the note was so made on a sufficient consideration. p. 147.

5. PLEADING.—*Presumptions.*—It is always presumed that a party's pleading is as strong in his favor as the facts will warrant. p. 147.

6. APPEAL.—*Review.—Harmless Error.—Amount of Recovery.*—While error in the amount of recovery, whether too large or too small, is a statutory cause for new trial, appellant cannot avail himself thereof, where the verdict against him was for $400 less than it should have been, as shown by the evidence, since it is manifest that he was not harmed thereby. p. 148.

7. APPEAL.—*Error Warranting Reversal.*—A judgment will be reversed for error only when it is shown to have been prejudicial to the complaining party. p. 148.

From Madison Circuit Court; *C. K. Bagot,* Judge.

Action by Florence S. Myers against William M. Croan. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Henry C. Ryan,* for appellant.
*Ellis & Ellison,* for appellee.

ADAMS, J.—Appellee sued appellant on a lost or destroyed promissory note, shown to be in the words following:

"$500.                    Anderson, Ind., June 15, 1897.
    Ten years after date I promise to pay to the order of Florence S. Myers, five hundred dollars ($500) value received, without any relief whatever from valuation or appraisement laws, with interest at 6% per annum from date, and attorneys' fees. The drawers and endorsers severally waive presentment for payment, protest, notice of protest and non-payment of this note.
                                    Wm. M. Croan."

Appellant answered the complaint in five paragraphs. Trial by jury; verdict and judgment for appellee in the sum of $575. Errors assigned and relied on for reversal are (1) sustaining a demurrer to the third paragraph of answer, and (2) overruling appellant's motion for a new trial.

The third paragraph of answer, in substance, alleges that the note sued on was executed in 1897 at a time when appellant and others had organized a corporation under the name of "The Anderson Normal University", the object and purpose of which was the establishment of a normal school for general educational purposes in the city of Anderson, Indiana; that appellee's husband, William R. Myers, was a brother of appellant's wife, and was one of the incorporators of said institution; that for

the purpose of assisting appellant and his wife in promoting, conducting and carrying on said normal school, of which appellant was then president, said William R. Myers advanced the sum of $500; that the money so advanced was evidenced by a promissory note, and was the money of said William R. Myers, husband of appellee, and the note taken therefor was taken in the name of appellee; that it was agreed and understood when said money was advanced and said note given that if said school should be a success the money was to be repaid in accordance with the terms of the note, but if the same was not a success said money was to be a gift by said William R. Myers, and was never to be repaid; that the school was not a success; that William R. Myers died in April, 1907, having retained said note in his possession, and during said time never made demand for payment; that before his death he requested his wife, appellee herein, to carry out his promise, and to surrender said note to appellant; that within a few weeks after the death of said Myers, appellee did carry out the wish, request and agreement of her said husband, and surrendered said note to appellant, which he at the time destroyed; that by said surrender the note was canceled and satisfied, and said debt fully forgiven.

We think there was no error in sustaining the demurrer to this paragraph of answer. It will be observed that the note sued on was in form an ordinary promissory note. Appellant does not claim that the expressed consideration was not the true consideration, or that he did not receive the $500, which, by the note, he promised to repay. No element of fraud or mistake is shown to have entered into the transaction. The note appears on its face to be complete, and not dependent on or collateral to any other agreement. 2. Under such conditions, the elemental rule that parol evidence will not be received to annul or substantially vary the terms of a written instrument must be

held to apply. *Brunson* v. *Henry* (1894), 140 Ind. 455, 462, 39 N. E. 256.

In *Conant* v. *National St. Bank* (1889), 121 Ind. 323, 22 N. E. 250, the court said: "It is true that the actual consideration of a contract may be shown by parol evidence, but it is not true that where the acts that a party agrees to perform are expressly and specifically set forth, it may be shown by parol evidence that he agreed to do other things. Where the writing states specifically the acts which the parties are to perform, no other acts can be proved by parol except in cases of fraud or mistake. The writing takes up and retains the whole and every part of the contract, leaving nothing to be supplied by extrinsic evidence." Citing cases. Again, in the same case, the court said: "The provisions of the contract are specific, and these specific provisions cannot be supplanted by oral statements. To permit parties to substitute oral statements for written stipulations would render written instruments valueless, and leave to the uncertainty of human memory the terms of contracts. This would defeat the chief purpose of a written instrument, which is to furnish certain, reliable and permanent evidence of the contract. Where parties commit their contract to writing, by that writing they must stand, where there is neither fraud nor mistake. This must be true, or else the distinction between oral and written contracts will be utterly broken down." See, also, *Diven* v. *Johnson* (1889), 117 Ind. 512, 515, 20 N. E. 428, 3 L. R. A. 308; *Buckeye Mfg. Co.* v. *Woolley, etc., Works* (1900), 26 Ind. App. 7, 13, 58 N. E. 1069; *Pierse* v. *Bronnenberg* (1907), 40 Ind. App. 662, 668, 81 N. E. 739, 82 N. E. 126.

It is averred, however, in the third paragraph of answer "that within a few weeks after the death of said William R. Myers, the plaintiff, his widow, carried out the wish, request and agreement of her said husband, and surrendered said note to the defendant." It is insisted that this averment makes the paragraph of answer

good. We cannot concur in this view. If the note was surrendered pursuant to any agreement, the answer is bad for failing to show the consideration supporting such agreement. If the note was surrendered as a gift to appellant, the answer is likewise bad, for want of proper averment showing a gift. But assuming that the paragraph of answer is good, as it stands, it must follow that proof of a surrender of the note, even for the purpose of examination, would defeat a recovery. Such a position is manifestly untenable. The paragraph should have set out the consideration, if any, supporting the surrender, and if the surrender was not made pursuant to any agreement, then the purpose and intention of appellee in surrendering the note should have been shown. An issue of fact could then have been formed, on which the rights of the parties could have been determined, but the rights of the parties could not have been determined by proof of a mere, naked surrender. It must be borne in mind that this note was the property of appellee. Her title to it was absolute. While the loan was made by her husband out of his own funds, he had the note made payable to his wife. In the absence of any averment to the contrary, it must be presumed that the note was so made on a sufficient consideration. It is always presumed that a party's pleading is as strong in his favor as the facts will warrant.

In the case of *Sherman* v. *Sherman* (1852), 3 Ind. *337, on which appellant relies, a different state of facts is shown. That was a proceeding in equity to foreclose a mortgage securing a note for $800, executed to a father by his two sons. The defense was that the father had conveyed to said sons a certain tract of land as a gift, but to secure to himself and his wife a maintenance during their lives, and for no other purpose, the note and mortgage were executed; that the father and his wife were supported by defendants as long as the father lived, and his wife was still supported by defendants; that a short time before his death, the father

surrendered the note and mortgage to one of the defendants to be canceled. This defense was held good, on the evident theory that the parties had a right to show the actual consideration moving in the transaction.

In support of his motion for a new trial, appellant urges that there was error in assessing the damages, the same being too small. It is true that error in the amount of the recovery, whether too large or too small, is a statutory ground for a new trial. In this case, it appears from all the evidence that the recovery should have been approximately $400 more than the amount found by the jury. Conceding, as we must, that there was error in the amount of recovery, it is well settled that a judgment will not be reversed for any error appearing in the record, but only for such error as may be shown to be prejudicial to the complaining party. It is obvious that appellant was not harmed by a verdict and judgment for less than the amount shown by the evidence to be due. *Redpath* v. *Nottingham* (1840), 5 Blackf. 267, 269; *Swain* v. *Hardin* (1878), 64 Ind. 85, 86; *Louisville, etc., R. Co.* v. *Argenbright* (1884), 98 Ind. 254, 255; *Hartwig* v. *Schiefer* (1897), 147 Ind. 64, 70, 46 N. E. 75; *Noftsger* v. *Smith* (1893), 6 Ind. App. 54, 55, 32 N. E. 1024; Elliott, App. Proc. §632.

The court did not err in overruling appellant's motion for a new trial.

The judgment is affirmed.

NOTE.—Reported in 100 N. E. 380. See, also, under (2) 17 Cyc. 567; (4) 8 Cyc. 222; (5) 31 Cyc. 79; (6) 3 Cyc. 384; (7) 3 Cyc. 383. As to parol evidence of conditions in promissory notes, see 128 Am. St. 609. As to subsequent parol agreements to vary a writing, see 56 Am. St. 659.