WHEAT v. GOSS ET AL.

[No. 24,480.   Filed November 1, 1923.]

1. BILLS AND NOTES.—*Negotiable Instruments Act.—Defenses.— Burden .of Proof.*—The Negotiable Instruments Act has not changed the rule of law that in an action by the assignee of a negotiable note, the maker, who admits the execution of the note sued on, and fails to show that its execution was induced by fraud, duress, or other unlawful means, but bases his defense on want or failure of consideration, has the burden of proof to establish that the holder took an assignment of the note with notice of the facts constituting such defense.   p. 564.

2. BILLS AND NOTES.—*Negotiable Instruments Act.—Defenses. —Burden of Proof.*—In an action on a negotiable instrument by an indorsee thereof, evidence of want of consideration does not repel the presumption that the indorsee is a *bona fide* holder for value, nor constitute a defect of title that will shift the burden on the holder to show that he acquired the paper in due course.   p. 564.

3. BILLS AND NOTES.—*Negotiable Instruments Act.—Defenses. —Oral Agreement with Payee.*—In an action by an indorsee on a note that is within the Negotiable Instruments Act, the maker cannot defend on the ground that when the note was executed, the payee entered into an agreement with him to the effect that, on the happening of a certain contingency, the note should not be payable according to its terms, and that said agreement has been violated.   p. .565.

4. BILLS AND NOTES.—*Action by Indorsee.—Complaint Alleging Innocent Purchaser.—Defendant not Misled.*—In an action by an indorsee of a promissory note, an averment in the complaint that the plaintiff was an innocent purchaser, without notice of any defenses, could not have misled the defendant so as to cause his failure to sustain the burden of proof as to that fact when he negatived the averment in his answer, and the sufficiency of the evidence on that point was challenged while the jury was in the box, especially where the judge stated that he would hear any further evidence, and the jury was discharged by agreement and the cause submitted to the court "on the evidence given."   p. 565.

From Morgan Circuit Court; *Joseph W. Williams,* Special Judge.

Action by Nina G. Wheat against Lafe Goss and wife and James M. T. Wright.   From a judgment for

plaintiff for an unsatisfactory amount, she appeals. (Transferred from the Appellate Court under §1394 Burns 1914.) *Reversed.*

*Roscoe D. Wheat, John E. Sedwick* and *Moran & Gillespie,* for appellant.

*S. C. Kivett,* for appellees.

EWBANK, J.—Appellant sued the appellees and James M. T. Wright on four promissory notes, for the total sum of $636, with interest and attorney fees, which notes were payable at a bank in this state, were executed by appellee Lafe Goss, payable to Wright, and indorsed by Wright to appellant. The complaint alleged these facts and also alleged that appellees executed a mortgage on certain real estate to Wright, to secure the notes, and that Wright assigned the mortgage to appellant in writing. The prayer of the complaint was for judgment on the notes and foreclosure of the mortgage. The notes and mortgage were set out as parts of the complaint. All of the notes were in the usual form, dated April 30, 1915, and payable at a designated place in the State of Indiana. They were payable at intervals of a year, on the first day of November in 1917, 1918, 1919 and 1920, respectively. The complaint also contained an averment that the notes were indorsed to plaintiff (appellant) "before maturity for a valuable consideration and without any notice whatever of any claim, contract or defense; that the plaintiff was an innocent purchaser of the notes and mortgage." The appellee filed an answer of a single paragraph, to the effect that the only consideration for the notes was the purchase by appellee, Lafe Goss, from said Wright, of certain fruit trees, which were to be of a certain kind and character, under a verbal agreement that if the trees did not produce sufficient fruit to pay the notes as they became due, no payments

were to be required; that the trees delivered were not of the kind and character purchased, and had produced no fruit of any value; and that appellant "took the assignment of said notes with full knowledge of all the terms and conditions under which said notes were given." No demurrer was filed to the answer, but a reply of general denial closed the issue.

Appellant read in evidence the notes, with the name of Wright, the payee, indorsed on the back of each of them, and the mortgage, as pleaded, and also a written assignment by Wright under the date of August 21, 1915, of the mortgage and notes to appellant, and also introduced oral testimony (which is undisputed) as to what would be a reasonable attorney fee. Appellees offered evidence tending to prove the averments of the answer to the effect that the trees delivered did not measure up to what was bargained for; that Wright had told them the trees would bear in three years, and would pay off the notes; and that the peaches actually produced by the trees delivered were worth only half what peaches would be from trees of the kind Wright represented he was selling. There was also other evidence tending to show that appellees did not receive all of the consideration for which they bargained at the time the notes and mortgage were given. But no evidence was offered by either side on the subject of appellant's knowledge or lack of knowledge at the time the notes were assigned to her of the consideration for which they were given, or that she knew of any promises made by the payee concerning the trees for which they were given, or of her knowledge whether or not those promises had been performed.

There was a total lack of evidence which might tend to prove that appellant was an innocent purchaser of the notes and mortgage without notice of appellee's

alleged cause of defense, or that she took the assignment with notice of such facts.

At the close of the evidence, appellant (the plaintiff) asked the court to discharge the jury and enter a finding in her favor, because of the total lack of any evidence that she had knowledge of any cause of defense to the notes at the time she purchased them, and, by agreement of parties, the jury was discharged and the cause submitted to the court on the evidence given. The court found for plaintiff as against Wright for the full amount of the demand, with an attorney fee, in the total sum of $957 and against the appellees, Goss and wife, for $150 which included an attorney fee of $25, and that appellant was entitled to a foreclosure of the mortgage for the latter sum. Appellant's motion for a new trial for the alleged reasons that the decision was not sustained by sufficient evidence, and that the amount of recovery was erroneous, being too small, was overruled, and that ruling is assigned as error.

It will be observed that no answer of denial was filed; that the execution by defendants of the notes and mortgage sued on was expressly admitted; that the answer did not purport to charge that such execution was obtained by fraud, and lacked many elements necessary to a plea of fraud; and that the only defenses which it purported to set up were an alleged contemporaneous oral agreement that if the trees did not produce fruit enough to pay the notes as they became due the notes need not be paid, and a lack or failure of consideration of which the plaintiff (appellant) was alleged to have had knowledge when she took the assignment of the notes.

Appellees correctly state the established rule of law to be that where suit is brought on a bill or note by an assignee and facts are pleaded and proved showing

that its execution was obtained by fraud or duress, or that it was executed for a certain purpose and placed in the hands of a party in trust to use for that purpose, and he dishonestly negotiated it for a different purpose, in violation of the trust under which he held it, a subsequent holder cannot recover upon it without showing that he is a *bona fide* holder, and that he paid a valuable consideration for it. *Harbison* v. *Bank of the State of Indiana* (1867), 28 Ind. 133, 135, 92 Am. Dec. 308; *Shirk* v. *Mitchell* (1894), 137 Ind. 185, 194, 36 N. E. 850; *Ray* v. *Baker* (1905), 165 Ind. 74, 90, 74 N. E. 619; *Johnson* v. *Harrison* (1912), 177 Ind. 240, 249, 97 N. E. 930, 39 L. R. A. (N. S.) 1207; *Hill* v. *Ward* (1910), 45 Ind. App. 458, 463, 464, 91 N. E. 38.

But the rule of law is equally well established that in order to defend on the ground of lack or failure of consideration, as against an action on a bill of exchange or a promissory note payable at a bank in this state, brought by one to whom it was assigned before maturity, the maker of such bill or note has the burden of proof to establish that plaintiff took the assignment with notice of the facts constituting such defense. *Hinkley* v. *Fourth Nat. Bank* (1881), 77 Ind. 475, 476; *Coffing* v. *Hardy* (1882), 86 Ind. 369, 371, 372; *First Nat. Bank, etc.,* v. *Ruhl* (1890), 122 Ind. 279, 282, 23 N. E. 766; *Shirk* v. *Mitchell, supra; Shirk* v. *Neible* (1901), 156 Ind. 66, 68, 59 N. E. 281, 83 Am. Rep. 150; *First Nat. Bank* v. *Rupert* (1912), 178 Ind. 669, 671, 672, 100 N. E. 5; *Hill* v. *Ward, supra; Bright Nat. Bank* v. *Hartman* (1915), 61 Ind. App. 440, 448, 109 N. E. 846; Brannan, Negotiable Inst. Law (3d ed.) p. 218. Since the decision of the cases above cited, the law of negotiable instruments has been codified and embodied in a statute known as the Negotiable Instruments Act, not only in Indiana, but also in many other states. That act contains the following provisions:

"Sec. 24.    Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose name appears thereon to have become a party thereto for a valuable consideration.   *   *   *

"Sec. 28.    Absence or failure of consideration is a matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto*, whether the failure is an ascertained and liquidated amount or otherwise.   *   *   *

"Sec. 52.    A holder in due course is a holder who has taken the instrument under the following conditions: 1.    That the instrument is complete and regular upon its face.    2.    That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.    3.    That he took it in good faith and for value.    4.    That at the time it was negotiated to him he had no notice of any infirmity or defect in the title of the person negotiating it.   *   *   *

"Sec. 55.    The title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument, or any signature thereto, by fraud, duress or force and fear, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud.

"Sec. 59.    Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title in due course."   Acts 1913 p. 120, §§9089x, 9089b1, 9089z1, 9089c2, 9089g2 Burns 1914.    But the courts in all jurisdictions which had previously followed the rule of law above laid down hold that it has not been

changed by the statute, and that a defendant in
1, 2. an action by the assignee of a note payable in
bank who admits the execution of the note sued
on and fails to show that its execution was induced by
fraud, duress, or other unlawful means, but bases his
defense upon lack or failure of consideration, has the
burden of proof to establish that the holder took an as-
signment of the note with notice of the facts consti-
tuting such defense. *Cole Banking Co.* v. *Sinclair*
(1908), 34 Utah 454, 457, 98 Pac. 411, 131 Am. Rep.
885; *Title Guarantee & Trust Co.* v. *Pam* (1920), 232
N. Y. 441, 452, 134 N. E. 525; *Standing Stone Nat.
Bank* v. *Walser* (1913), 162 N. C. 53, 59, 77 S. E.
1006; *Downs* v. *Horton* (1921), 287 Mo. 414, 431, 230
S. W. 103; *Bank of Polk* v. *Wood* (1915), 189 Mo.
App. 62, 67, 173 S. W. 1093; *Citizens Bank of Edina*
v. *Kriegshauser* (1922), 21 Mo. App. 33, 244 S. W.
107, 112; *Biggs* v. *Carter* (1917), 179 Iowa 284, 288,
161 N. W. 322; *Colquitt* v. *Dye* (1921), 29 Ga. App.
247, 114 S. E. 643; *Kirby* v. *Arkansas Bank & Trust
Co.* (1920), (Tex. Civ. App.) 222 S. W. 1118; *DuPont
Nat. Bank* v. *Chase* (1921), 272 Fed. Rep. 1016; *Moyses*
v. *Bell* (1911), 62 Wash. 534, 540, 114 Pac. 193. "The
law is now well settled that evidence of want of con-
sideration, as between the original parties to a note
or bill, will not shift the burden of proof in an action
by an indorsee, nor put him to show that he is a holder
for value. The presumption is that the indorsee of a
negotiable bill or note is a bona fide holder for value,
and this presumption is not repelled merely by proof
that the bill or note as between the immediate parties
was without consideration, and was made, indorsed, or
accepted by one for the sole accommodation of the other.
Nor is want of consideration a defect of title within the
statutory rule that when it is shown that the title of

any person who has negotiated an instrument was defective, the burden is on the holder to show that he acquired the paper in due course." 3 R. C. L. 1044, §249.

Neither could the averments in the answer that the original payee of the note verbally agreed with the maker that if the trees did not produce sufficient

3. fruit to pay the note as they became due no payments would be required, together with proof of the facts thus pleaded, make out a defense, whether with or without also establishing that plaintiff had notice of such facts when the note was assigned to her.

The maker of a note cannot defend on the ground that when the note was executed he entered into an oral agreement with the payee, which has not been performed, stipulating that it should not be paid according to its terms, but that, upon a contingency not expressed in the note, payment might be withheld. *Zimmerman* v. *Adee* (1890), 126 Ind. 15, 16, 17, 25 N. E. 828; *Tucker* v. *Tucker* (1887), 113 Ind. 272, 273, 13 N. E. 710; *Brunson* v. *Henry* (1894), 140 Ind. 455, 460, 39 N. E. 256; *Croan* v. *Myers* (1913), 52 Ind. App. 143, 145, 100 N. E. 380; *Trentman* v. *Fletcher* (1885), 100 Ind. 105, 108.

The averments in the complaint that appellant (the plaintiff) was an innocent purchaser without notice could not have misled appellee so as to cause his

4. failure to sustain the burden of proof as to that fact. The answer affirmatively alleged the contrary, and the record recites that the sufficiency of the evidence on that point was challenged while the jury were still in the box, and that, after the court had stated that he would hear any further evidence the parties might have to offer, the jury was discharged by agreement of the parties, and the cause was submitted to the court "on the evidence given." The evidence

was not sufficient to sustain the finding. Other questions discussed by counsel may not arise upon another trial.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.