OLSON *v.* AETNA TRUST AND SAVINGS COMPANY.

[No. 12,309. Filed July 2, 1926. Rehearing denied December 22, 1926. Transfer denied November 13, 1929.]

*Joseph B. Kealing* and *Martin M. Hugg,* for appellant.
*Samuel Ashby* and *George H. Batchelor,* for appellee.

THOMPSON, J.—This is an action by appellee to recover on a promissory note executed by appellant to a third party and later assigned by said third party to the appellee herein.

The complaint alleges, in substance: That appellant, Charles M. Olson, on February 10, 1920, executed his promissory note in the sum of $5,000, due 90 days from date and bearing interest at the rate of six per cent per annum from maturity until paid, to the William Small Company, which company was located in the city of Indianapolis, and was duly organized under the laws of Indiana for the purpose of manufacturing and selling automobiles; that, before the maturity of said note, the said William Small Company, by its indorsement on the back thereof, assigned said note to the appellee, the Aetna Trust and Savings Company, which was a corporation duly organized under the laws of Indiana, and

was, on said date engaged in the business of loaning money on promissory notes; that no part of said note had ever been paid, and there was due and unpaid on said note the sum of $5,135.80, principal and interest; that $500 was a reasonable attorney fee. Judgment was demanded for $6,000, and other and proper relief.

The issues on the part of appellant were raised by his amended answer and amended cross-complaint, which set up the same facts. The amended cross-complaint asks, however, for affirmative relief, in that the note sued upon be declared null, void and canceled. The amended answer and amended cross-complaint allege that the note sued upon was a renewal note, executed by appellant in renewal of one executed by him to said William Small Company on or about April 16, 1919, in consideration of a conditional purchase by him of 50 shares of the stock of said company, upon the express condition and consideration that said company should not receive payment for said stock in money unless and until he determined, within one year from said date, to retain said stock, and that said company would take up said stock if he so desired at any time within one year from said April 16, 1919; and, in order to facilitate the carrying out of said agreement, it was at the time agreed between himself and said William Small Company that he should execute his note to said company for $5,000, payable 120 days after said date, negotiable and payable at the Continental National Bank of Indianapolis, Indiana, with interest thereon at the rate of six per cent per annum; and that said William Small Company, at the time, agreed as part of the consideration of said note that, if at any time within said period of one year, appellant desired said company to take up said stock, it would do so and cancel said note or any renewal thereof and repay to appellant any interest he might pay upon the same; that, before the maturity of said note, appellant de-

manded of said company that it take up said stock, but said company represented to him that it could not then conveniently do so because of financial conditions, and requested that he extend the time for said company to take up said stock and renew said note for a period of 90 days, and that it would, within said time, take up said stock and hold him harmless upon said renewal note, and, relying upon said statement and representation, he executed his renewal note as requested, and paid to said company $100 as and for interest on said original note, and said appellant took up said original note with said renewal note and paid the interest on said original note; that this procedure was repeated, at the request of the William Small Company, until appellant had executed three renewal notes; that said William Small Company, before the respective maturities thereof, transferred and assigned to appellee herein said original note and each of said renewal notes, but, at no time, did appellant participate in such assignments, nor have knowledge or notice thereof until long after they were made, nor did he pay any of said interest to appellee, but the same was paid to the William Small Company; that George F. Quick negotiated the sale of said stock and the execution of the note and the renewals thereof; George F. Quick was the secretary-treasurer of said William Small Company, and was also an officer of appellee, part of the time as its president, and the remainder of the time as its vice-president; and appellee, at the time it received the assignment of said original note, had full knowledge and notice that said original note and all renewals thereof should be of no force and effect if appellant, at any time within one year after April 16, 1919, should desire said William Small Company to take up said stock and cancel said original note; that, at the time of the execution of said original note, said company delivered to appellant its certificate for

50 shares of its stock, each of the par value of $50, and that, before the bringing of this suit, appellant returned said certificate to said company, assigned by him in blank, and demanded the cancellation of the note and the return of all interest paid by him upon said original and renewal notes; that the William Small Company refused to do this, and attempted to repudiate its said agreement, and, in appellant's absence from his place of business, left said certificate, whereupon appellant again notified said company to take up said stock and disclaimed any ownership in the same; that appellant holds said certificate of stock for the William Small Company, and offers to deliver the same for the use of said William Small Company or appellee, as the court may determine.

To appellant's amended answer and amended cross-complaint, appellee filed demurrers for want of facts sufficient to constitute a defense and a cause of action. The demurrers were sustained, and, appellant refusing to plead further, judgment was rendered against him in the sum of $6,770.50. Appellant excepted and appealed.

There is no answer of fraud or mistake. The note sued on as the basis of this action is a complete written obligation to pay a certain amount of money at a certain time and at a specified place, without any conditions or qualifications, and contains no uncertainties or ambiguities.

In *Wheat* v. *Goss* (1923), 193 Ind. 558, 141 N. E. 311, the court said: "The maker of a note cannot defend on the ground that when the note was executed he entered into an oral agreement with the payee, which has not been performed, stipulating that it should not be paid according to its terms, but that, upon a contingency not expressed in the note, payment might be withheld." See, also, *Zimmerman* v. *Adee* (1890), 126 Ind. 15, 16, 17, 25 N. E. 828; *Tucker* v. *Tucker* (1888),

113 Ind. 272, 273, 13 N. E. 710; *Brunson* v. *Henry* (1894), 140 Ind. 455, 460, 39 N. E. 256; *Croan* v. *Myers* (1913), 52 Ind. App. 143, 145, 100 N. E. 380; *Trentman* v. *Fletcher* (1885), 100 Ind. 105, 108.

In *Friedman* v. *Citizens Natural Gas, etc., Co.* (1925), 82 Ind. App. 667, 147 N. E. 294, in discussing the fourth paragraph of answer in the case, the court said: "This paragraph avers that, as a part of the consideration for the contract, it was agreed between appellee and Friedman that the machinery and pipes of the pumping stations were not to be paid for until the same had been resold. Such an averment is in direct conflict with the stipulation of the written contract upon which the complaint was based. It is a familiar rule that, in the absence of fraud or mistake, a written contract merges all prior parol negotiations and any parol agreement made before or contemporaneously with a written contract can not be permitted to contradict, vary, or modify its terms"; and at page 671, in speaking of the same answer, the court said: "It is true that it is averred that this parol agreement was a part of the consideration, but the consideration was contractual, and, while it is the general rule that the consideration expressed in a writing may be varied or contradicted by parol evidence, *Rockhill* v. *Spragas* (1857), 9 Ind. 31, 68 Am. Dec. 607; *Levering* v. *Shockey* (1885), 100 Ind. 558, such rule has its limitation in that where the contract is complete on its face, a stipulation as to the consideration becomes contractual, and the ordinary rule with reference to the effect that parol testimony can not be received to vary, contradict, or add to, the terms of a written contract prevails, and under such circumstances, the consideration expressed cannot be varied by parol any more than any other portion of the written contract." See, also, *Pickett* v. *Green* (1889), 120 Ind. 584, 22 N. E. 737; *Indianapolis, etc., R. Co.* v. *Houlihan* (1901), 157 Ind.

494, 60 N. E. 943, 54 L. R. A. 787; *Pennsylvania Co.* v. *Dolan* (1892), 6 Ind. App. 109, 32 N. E. 802, 51 Am. St. 289; *Citizen's Nat. Bank* v. *Kerney, Admr.* (1915), 59 Ind. App. 96, 108 N. E. 143.

The court did not err in sustaining the demurrers to the answer and cross-complaint.

Affirmed.