CHARLES E. WEARE *vs.* CHARLES G. MAGEE & others.

Suffolk.    October 21, 1919. — December 3, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Partnership.    Evidence,* Of partnership.

At the trial of an action of contract against two persons alleged to have been associated with two others as copartners in conducting a hotel, it appeared that each defendant had lent money to one of the other two alleged partners to assist him in obtaining a lease and an option to purchase the hotel property, with the understanding that the money was to be paid back and that, if the property was purchased and a corporation was formed, each defendant was to have the privilege of taking capital stock in the corporation to the amount of his loan. It also was agreed that, if the option to purchase was not exercised, any surplus of profits was to be divided among the defendants and the other

two persons. Neither of the defendants ever had anything to do with the business of conducting the hotel or held himself out as having any interest in the enterprise. *Held,* that a finding that the defendants were copartners in the enterprise or were liable as such was not warranted.

CONTRACT upon an account annexed for $295.43 for milk and provisions alleged to have been furnished to the defendants, Charles G. Magee, Walter B. Clark, Rodolphe L. and Max Agassiz, alleged to have been conducting the Passaconaway Inn in Maine as copartners. Writ dated December 8, 1916.

Magee and Clark were defaulted. In the Superior Court the action was tried against the defendants Agassiz before *Sisk,* J. Material evidence is described in the opinion. At the close of the evidence the judge ordered a verdict for the defendants Agassiz and reported the case for determination by this court.

*D. B. Keniston,* for the plaintiff.

*W. H. Garland,* for the defendants.

CROSBY, J. This is an action brought against the defendants Magee, Clark, Rodolphe L. Agassiz and Max Agassiz to recover for milk and produce furnished by the plaintiff to the Passaconaway Inn, York Beach, Maine. Magee and Clark have been defaulted. The question before us is, whether the evidence is sufficient to charge the other defendants with liability.

The plaintiff sought to show that the Agassiz were engaged as partners with Magee and Clark in operating the hotel. There was evidence that the defendants Agassiz each loaned Magee $3,750 to assist him in obtaining a lease and option to purchase the hotel property, with the understanding that the money was to be paid back; and that if the property were purchased and a corporation formed each had the privilege of taking stock in the corporation to the amount of his loan. The provision in the agreement that if the option was not exercised any surplus of profits was to be divided between the Agassiz, Clark and Magee, is not evidence of a partnership. *Holmes* v. *Old Colony Railroad,* 5 Gray, 58. *LaMont* v. *Fullam,* 133 Mass. 583. *Nantasket Beach Steamboat Co.* v. *Shea,* 182 Mass. 147. *Estabrook* v. *Woods,* 192 Mass. 499, 502.

No partnership agreement between the Agassiz and the other defendants or either of them is shown, nor does it appear that either of the Agassiz ever had anything whatever to do with the business of conducting the hotel or held themselves out as having

any interest in the enterprise. As a finding for the plaintiff would not have been warranted, the entry must be

> *Judgment for the defendants Rodolphe L. Agassiz and Max Agassiz on the verdict.*