Adlow, J.
Action of contract to recover a broker’s commission commenced by writ dated January 20, 1943. In June 1942 the defendant requested the plaintiff to find a customer or partner for his restaurant business. In August 1942 the plaintiff introduced one Stavrinos to the defendant. Stavrinos had no money. He went to work for the defendant for $30 a week plus one-half of the profits which were to be computed monthly. Stavrinos was to do all the cooking for the business. He continued in this capacity till January 29, 1943 when he quit his job. The restaurant remained closed thereafter until February 12, 1943 when the defendant sold his interest in it to Stavrinos for $4500 and took a mortgage to secure the agreement to pay the purchase price at the rate of $30 a week.
*255 The defendant requested the court to rule in effect that at the time of the commencement of the action the plaintiff had procured neither a customer nor a partner for him, and further that “one who is engaged to procure a customer for the purchase of all or part of a business does not earn his commission by procuring one who is engaged to work for a salary and a part of the profits. ’ ’ The court refused to so rule and found in part that “plaintiff procured a person who went into business with the defendant.” There was a finding for the plaintiff in the sum of $100.
Prior to the commencement of this action, January 20, 1943, the relationship between the defendant and Stavrinos was determined by the arrangement made by them in August 1942. Obviously it was not a sale, and in our opinion it cannot be said that the agreement to pay $30 a week plus one-half of the profits, standing alone, can be construed to make Stavrinos a partner of the defendant. An agreement to share profits does not constitute a partnership. Holmes v. Old Colony Railroad Corp., 5 Gray 58. Bradley v. White, 10 Met. 303. The agreement that the profits be computed monthly indicates that Stavrinos’ interest in the profits was merely as a measure of compensation. See Estabrook v. Woods, 192 Mass. 499, 502. Clearly, on the reported evidence, a finding that a purchaser or partner had been procured prior to the bringing of this action was not warranted.
The court found as a fact that “plaintiff procured a person who went into business with the defendant.” If the court meant thereby that the arrangement of August 1942 constituted a partnership it was not warranted by the evidence.
The sale by the defendant to Stavrinos on February 12, 1943 was subsequent to the commencement of this action. *256 It cannot affect the parties in these proceedings. The plaintiff’s right to recover is predicated on the existence of his right of action at the time proceedings were commenced. Morrison v. Clark, 7 Cushing 213, 214. Franklin Savings Institution v. Reed, 125 Mass. 365. Freeman v. Hedrington, 204 Mass. 238. It follows therefore that with respect to any rights which the plaintiff may have as a result of the sale of February 12, 1943 this action is premature.
On these facts, which appear to be undisputed, the finding for the plaintiff cannot be sustained. One engaged to find a buyer or partner does not earn his commission by bringing about a contract of employment; and even though such an employment will literally warrant a finding by the court that the “plaintiff procured a person who went into business with the defendant” such finding is insufficient to support the plaintiff’s claim. The right of a broker to recover a commission depends on whether he has done the thing he was engaged to do. Walsh v. Grant, 256 Mass. 555, 557. Palmer v. Cherney, 270 Mass. 551, 556.
Because the sale of February 12, 1943 may support a claim by the plaintiff for a commission in a new action it would appear that a proper disposition of this case should not preclude the plaintiff from bringing such action.
The order should therefore be Finding for plaintiff vacated — Plaintiff non-suit.