MAMIE PAINE v. THE COMMISSIONER OF THE STATE LAND OFFICE AND JOHN KETTEL.

*Statutes—Confirmation of title—Correction of deeds.*

1. Act No, 197, Laws of 1883, grants *privileges*, and not *rights*, and it was lawful for the Legislature to lay down any conditions deemed proper ; and unless a party seeking to avail himself of its provisions presented his claims and proofs within six months after the act went into effect, such application was too late.

2. Where the land purchased by an applicant for relief under said act was misdescribed in his deed, which error was corrected by direction of the grantor,—
   *Held,* that unless such correction was made and the execution of the deed reacknowledged in time to save the title under the statute, it would not be sufficient to save the statutory privilege.

3. A correction which would change a *void* deed into a *good* one could only be made by conforming to the statute of frauds.

4. "On or about" March 8 is just as consistent with a day or two after as before.

Appeal from Muskegon.   (Russell, J.)   Argued April 21 and 22, 1887.   Decided June 9, 1887.

Bill to correct erroneous description in deed and for other relief.   Decree sustaining demurrer affirmed.   The facts are stated in the opinion.

*R. W. Boynton,* for complainant.

*Henry H. Holt,* for defendant Kettel.

CAMPBELL, C. J.   Mrs. Paine, the complainant, began this suit to secure the title to a 40-acre lot, which she claims under title derived from William R. Bowes, trustee of what were popularly known as the "Port Huron & Grand Haven Railway Lands."   The Bowes title and other titles having all been held invalid, the State of Michigan, under a title granted by act of Congress, passed an act on June 9, 1883, for the protection of *bona fide* settlers and purchasers, allowing them to apply within six months after the act took effect to the Commissioner of the State Land Office, and prove their claims, and pay 10 cents an acre and taxes.[1]

Complainant filed her bill in July, 1884, setting up, in substance, that she purchased the land in question in 1881 for a valuable consideration from Olive M. Woods, who had, for a valuable consideration, purchased from Bowes in 1878. She represented the land as vacant, and set up that the deed from Bowes to Mrs. Woods had, when drawn, a description of the north-east quarter instead of the north-west quarter of the south-west quarter of section 21, in town 9 north, of range 16 west, in Muskegon county.   It further set out that the north-west quarter of the south-west quarter was the land intended, and the only land which Bowes claimed to own or

[1] See Act No. 197, Laws of 1883.

did own in that section; and that, on comparing the deed with the official lists, the error was discovered, and Bowes directed the deed to be corrected, and the word "west" was thereupon written in, and "east" erased.

It then set out that, "on or about the eighth day of March, 1884," complainant presented the deeds from Bowes to Mrs. Woods, and from Mrs. Woods to complainant, at the land office, to Mr. Sleeper, the deputy commissioner, and paid to the State Treasurer $40.18, which was the amount stated by Mr. Sleeper as due, and offered to comply with the statute, and requested a patent; that the commissioner, after waiting till June 12, 1884, told complainant's agent the claim was rejected, and that he subsequently offered the land for sale at auction, and defendant Kittel bid it in; that before Kittel paid his bid he was informed of complainant's rights, and that there was no more than a verbal error, or a word obscurely written, and that a bill would be filed to correct the title. Some other averments, not necessary to be noticed, were set forth.

This bill was demurred to, and the demurrer sustained, with leave to amend. An amended bill was filed, the allegations of which do not differ materially from those of the first, except that it states the conveyance from Mrs. Woods to complainant as made in August, 1880, instead of 1881, and also avers improvement and occupancy by a tenant. This bill was also demurred to, and the demurrer sustained, with leave to amend.

We have no doubt the bill is properly filed, if it makes out a case for relief. But we think the bill is still defective in more than one particular. As the Bowes title was absolutely void, the statute is one which grants privileges, and not rights, and it was lawful for the Legislature to lay down any conditions deemed proper. It has required the purchases to have been made previous to January 29, 1881, and to be proven by production of the original instrument, or a certi-

fied copy of the record. It also required the claims to be presented "within six months after this act shall take effect, and not afterwards." As the complainant is a non-resident, we need not refer to the provisions relating to actual settlers. We do not quite understand the contradiction between the original and amended bills on the subject of occupancy, but it is not material in the view we take of the case.

There is nothing in this statute which dispenses with a title from Bowes which would be good if he had owned the land. If the deed to Mrs. Woods was not a valid deed on its face, there is no averment which would help it. It appears that the deed, as drawn, did not cover this land. But it is claimed that, by direction of Bowes, the error was corrected. If this correction was made, as claimed on the argument, before the deed was executed, there was no reason for referring to it at all, because the deed would be good, and need no mending. But as the bill stands, the natural inference would be that the mistake was not discovered or corrected till after the deed was executed. If so, the date and circumstances would be very essential. Unless corrected and reacknowledged in time to save the title under the statute, it would not be sufficient to save the statutory privilege. The correction which would change a void deed into a good one could only be made by conforming to the statute of frauds. The bill is entirely silent on this important matter, both as to date and manner of rectification.

The bill is also defective in not showing that the claim and its proofs complied with the statute. Unless presented within six months after the statute went into effect, it was too late. The bill should have shown a strict compliance. It is probable the papers were filed in time. But "on or about" March 8 is just as consistent with a day or two after as before, and when the eighth day of March was over the time of presentation was over.

The demurrer was properly sustained. But, as it is quite

possible complainant has a good case, in affirming the decree below, we shall allow 30 days to amend, with leave to obtain further time from the circuit court in case it is impracticable to amend within the 30 days; defendants to recover costs.

The other Justices concurred.