JAMES T. WHITE & CO. v. J. D. McMILLAN.

*Parol Evidence—Contract of Sale—Delivery Under Contract.*

1. Parol evidence is admissible in the trial of an action on a written contract to explain the meaning of abbreviations of words and figures contained therein.

2. A contract for delivery of goods "about November 1" is complied with by delivery on November 10th.

3. A contract for the sale and delivery of an article provided for payment on delivery and authorized the seller to draw for the amount; the article was shipped " C. O. D." and the purchaser in a letter to the seller made no objections to the mode of delivery, but refused to receive the property on the ground that he was unable to pay for the same, as " money was scarce" and it " cost so much"; the article remained in the express office three months when it was recalled by the seller: *Held*, in an action on the contract (1), that the fact that the article was shipped " C. O. D." was, under the circumstances, immaterial; (2), that after the positive refusal of the defendant to receive and pay for the article it was not incumbent on plaintiffs to longer keep it at the place of delivery agreed upon.

ACTION, tried at October Term, 1893, of ROBESON Superior Court, before *Connor, J.*

The suit was to recover thirty-two dollars, and the plaintiffs appealed from a judgment rendered by a Justice of

the Peace. The plaintiffs declared upon the following contract for the sale of a physiological manikin:

"White's Physiological Manikin or Dissecting Cadaver, cabinet edition, $35. Obstetrical supplement, $10 extra.

"*Place and date:* LUMBERTON, N. C., May 17, 1890.
"JAMES T. WHITE & Co., Publishers, New York.
"Ship about November 1, 1890.
"GENTLEMEN:—Please deliver, according to shipping directions given below, one White's Physiological Manikin, medical edition—price $35. In consideration of its delivery for me, freight prepaid, at the express office specified below, I promise to pay the sum of $35 upon delivery, for which the publishers are authorized to draw when due.
"Cr. by Obs. Sup., $10; Cr. by cash discount, $3.
"To whom sent, J. D. McMillan; town, Lumberton; county, Robeson; State, North Carolina; express office, Lumberton; express, Southern.
                         "(Signed)     J. D. McMILLAN.
"Agent: L. C. COWLES.

"Any statement, verbal or otherwise, to be recognized must be written on the face of this certificate."

Plaintiffs offered in evidence the original contract above set out and a letter written by defendant to plaintiffs as follows:
                                   "JANUARY 28, 1891.
"MESSRS. JAMES T. WHITE & Co.,

"DEAR SIRS:—I am sorry that it is so that I cannot take the manikin; money is so scarce with me and it costs so much that it will be impossible for me to take it. So you can order it back when you get ready. I would take it if it was so that I could, but times are too hard with me now.
       "Yours respectfully,     J. D. McMILLAN."

The plaintiffs offered in evidence a deposition taken in New York City by which they proposed to show that the manikin had been shipped by express to the defendant, $32 C. O. D., at the time specified in the contract, and was received by the agent of the express company at Lumberton, and that the credit of $10 written on the face of the contract was not a credit on the $32.

The defendant objected to this evidence, for that its purpose was to change the terms of the written contract declared on by plaintiffs, and was not within the personal knowledge of the parties testifying. The objection was sustained by the Court. Plaintiffs excepted.

The plaintiffs offered to explain the entry on the face of the contract, "Cr. by Obs. Sup., $10," by the parol testimony of the defendant. Upon objection by the defendant the evidence was excluded by the Court. Plaintiffs excepted.

The plaintiffs then introduced the agent of the express company at Lumberton, who testified that it was the custom of the company to return all uncalled for freight at the expiration of thirty days from its receipt by the company at the delivery office; that the manikin was marked C. O. D., and was received at the express office at Lumberton November 10, 1890, and was returned February 11, 1891.

The Court being of the opinion that the plaintiffs had failed to show a compliance with the contract and were not entitled to recover, the plaintiffs submitted to a nonsuit and appealed.

*Messrs. McNeill & McMillan,* for plaintiffs (appellants).
No counsel *contra.*

BURWELL, J.: The first and second sections of the plaintiffs' complaint are as follows:

"1. That on or about the 17th of May, 1890, the defendant executed and delivered to plaintiffs a written contract or order (which is set out in the statement of the case and made part of this allegation).

"2. That by said contract or order the defendant requested plaintiffs to deliver for him, freight prepaid, at the Southern Express office in Lumberton, N. C., one of White's Physiological Manikins, medical edition, in consideration of which the defendant promised to pay the plaintiffs the sum of $32 upon delivery at said express office."

The answer does not controvert these allegations. The failure to deny these averments is equivalent, of course, to an admission of the facts alleged. Hence it seems to us that the sum to be paid by defendant to plaintiffs for the article named in the contract was fixed by the pleadings themselves, and, while it was competent for the plaintiffs to explain by parol testimony what was meant by the words and figures "Cr. by Obs. Sup., $10" (*Cumming* v. *Barber*, 99 N. C., 332, and *Simpson* v. *Pegram*, 112 N. C., 541), if an explanation of them had been necessary for supporting their allegation that $32 was the price agreed upon, the answer has relieved them from that necessity, if it ever existed.

Plaintiffs' evidence showed that the "manikin" was at the express office in Lumberton, the place specified in the contract as the place of delivery, on November 10, 1890, consigned to defendant. The contract provided that it should be shipped from New York "about November 1, 1890." In respect to time, therefore, the plaintiffs complied with their contract. The package was marked, it is true, "C. O. D.," while the contract merely stipulated that the defendant would pay for the article "upon delivery," and authorized the plaintiffs to draw for the price when due. The letter of the defendant, introduced in evidence by the

COTTON MILLS COMPANY v. BURNS.

plaintiffs, seems to disclose the fact that he made no objections to this manner of delivery and collection, but put his refusal to receive the property and pay for it solely upon the ground that "money was scarce" and that "it cost so much." This letter, unexplained, seems to us to amount to a concession on the defendant's part that the plaintiffs had complied with their part of the contract, and to a positive refusal on his part to receive or pay for the property. It was no longer incumbent on plaintiffs to keep it at the place of delivery agreed upon, for the defendant had notified them that he would not accept it in any event. Thereafter no course was open to the plaintiffs but to recall the property and sue for damages for breach of the contract on defendant's part, as they have done in this action.

The judgment of nonsuit must be set aside.