GEORGE T. CLINE

*v.*

JOHN C. PATTERSON.

*Opinion filed June 19, 1901—Rehearing denied October 4, 1901.*

ATTACHMENT—*effect of failure of writ to state the ground of attachment.* The failure of a writ of attachment to state the ground of attachment, as required by section 6 of the Attachment act, prescribing the form for such writs, does not render the writ void but merely defective, and subject, under section 28 of the same act, to amendment; but where there is no personal service or appearance by the defendant such defect is not waived by default, and may be taken advantage of on writ of error.

*Cline* v. *Patterson*, 88 Ill. App. 360, reversed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

IVES, MASON & WYMAN, for plaintiff in error.

JOHN C. PATTERSON, *pro se.*

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a writ of error to the Branch Appellate Court for the First District to bring before us for review a judgment of that court affirming a judgment of the circuit court of Cook county in attachment. The writ was levied on real estate of the defendant, but there was no personal service and the defendant did not appear. The service was by publication, only. Judgment by default was rendered and an order entered for special execution against the property attached.

It was assigned for error in the Appellate Court, and has been in this court also, that the attachment writ was void because it failed to state the ground of the attachment set out in the affidavit, or any ground for the writ. The cause of the attachment as stated in the affidavit was, that the defendant below was a non-resident of the State. Section 6 of the act in regard to attachments in courts of record (Hurd's Stat. 1899, p. 176,) prescribes the form (substantially) of a writ of attachment, from which it appears that the cause of the attachment, as set out in the affidavit, is required to be stated in the writ. We have no doubt that this was intended to be a substantial part of the writ, and that its omission left the writ defective or insufficient. But section 28 provides that "no writ of attachment shall be quashed, nor the property taken thereon restored, nor any garnishee discharged * * * on account of any insufficiency of * * * the writ of attachment, * * * if the plaintiff * * * shall cause * * * the writ to be amended, in such time and manner as the court shall direct; and in that event the cause shall proceed as if such proceedings had originally been sufficient."

We are of the opinion that the writ was not void, and therefore incapable of amendment, but that, under the statute, the plaintiff below might have caused it to

be amended. It does not come within the rule stated in *Sidwell* v. *Schumacher*, 99 Ill. 426, *Weaver* v. *Peasley & Co.* 163 id. 251, and other cases of like character, holding that process which is not under the seal of the court or which does not run in the name of the People is void. This writ had all the formal requisites required by the statute, was duly attested, but was insufficient, under the statute, because by the omission of a part of its substance it was not substantially in the form prescribed, but it was clearly amendable under section 28 of the act. The attachment proceedings were therefore erroneous but not void, and the court was not without jurisdiction.

It is said, however, that by not appearing and moving to quash the writ the defendant below waived the defect and cannot now avail himself of the error. We are not of that opinion. If the defendant below had appeared he might have waived the defect, but as the judgment was by default the plaintiff in that court was bound, at his peril, to cause the writ to be amended, so that the record, on its face, would appear to be free from error. It is a general rule that where the defendant does not appear he waives nothing. (2 Ency. of Pl. & Pr. 601, 602; *Holgate* v. *Broome*, 8 Minn. 243.) The judgment having been by default, the objection can be availed of on error. (*Reitz* v. *People*, 77 Ill. 518; *Lawrence* v. *Yeatman*, 2 Scam. 15.) Had the defendant below appeared and moved to quash the writ, it would have been error to overrule the motion unless the plaintiff had caused the writ to be amended; but not having appeared, and the judgment being on default, he may have advantage of the same error here.

The judgments of the Appellate and circuit courts are both reversed and the cause is remanded to the circuit court for further proceedings.

*Reversed and remanded.*