## O'BRIEN *v.* HIGLEY ET AL.

[No. 20,235. Filed March 11, 1904.]

SALES.—*Delivery.*—*Acceptance.*—A judgment for plaintiff for paving bricks sold and delivered to defendant will not be reversed on evidence show-ing that defendant was required to turn and reset a number of the bricks because of slight defects therein, where the proof further showed that defendant received and accepted the bricks without objection, and that his trouble with them was the result of his own carelessness and unskilful methods in laying them. *p. 318.*

TRIAL.—*Refusal to Strike out Evidence.*—The refusal of the court to strike out the testimony of a witness was harmless, where the same fact was established by the testimony of other witnesses. *p. 318.*

CONTRACTS.—*Negotiations.*—*Evidence.*—Where a written contract for the sale of paving bricks provided that the buyer would give a good and sufficient bond or other security for the payment of all sums becoming due to the seller, all previous negotiations and propositions relating thereto were merged in the written contract, and evidence as to prior negotiations relative to security was properly excluded. *pp. 318, 319.*

SAME.—*When Time not Essence of Contract.*—It is no defense to an action on a contract for the sale of paving bricks that shipment was not begun on time, where the contract provided that shipment should begin "about October 20," and the first shipment was made November 1, and received by defendant without objection, and the defendant's only complaint was that the shipments were too frequent and the quantity of bricks sent too great for him to take care of. *pp. 319, 320.*

From Superior Court of Madison County; *H. C. Ryan,* Judge.

Action by Joseph L. Higley and others against Patrick T. O'Brien. From a judgment for plaintiffs, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*C. M. Greenlee* and *G. R. Call,* for appellant.
*G. M. Ballard* and *B. H. Campbell,* for appellees.

DOWLING, J.—Action by the appellees against the appellant upon a contract in writing for the sale and delivery by the appellees of 512,000 bricks for street paving in the city of Alexandria, Indiana.   Answer, denial and payment.   A counterclaim was filed alleging damage to the appellant because of the failure of appellees to ship the bricks at the time fixed by the contract, because of the defective character of the brick, and because of expense incurred by appellant in resetting and in hauling defective or worthless brick.   Reply in denial.   The cause was tried by jury, and a verdict was returned for appellees, with answers to special questions of fact.   Motion for a new trial, stating some fifteen separate reasons therefor.   Motion overruled.   Judgment for appellees.

The error assigned is the overruling of the motion for a new trial.

The contract, which was the foundation of the appellees' action, provided:   (1) That the appellees should ship about five hundred and twelve thousand bricks, beginning about October 20, 1900; (2) that the appellees guaranteed that forty-two bricks would lay one square yard of pavement; (3) that the bricks delivered should correspond with the samples furnished.   By the same agreement the appellant promised:   (1) That he would receive all bricks shipped to him, and pay the freight on them; (2) that all bricks should be carefully handled; (3) that he would report promptly all car numbers that did not arrive in proper order, or that did not correspond with invoices and bills of lading; (4) that he would pay $17.50 per thousand on the 15th of each month for all brick shipped the previous month, and that he would return all freight receipts; (5) that he would give good and sufficient bond or other security for the payment of the amount coming to the appellees on the contract.   The writing itself declared that it contained the entire agreement of the parties.

1. The first, second, and third causes for a new trial go to the sufficiency of the evidence to sustain the general verdict and the answers to certain interrogatories. There was evidence which supported the verdict and these findings of facts. In regard to the latter, while the appellant may have turned and reset a number of bricks because of slight defects, the proof showed that he had received and accepted these bricks without objection, and that his trouble with them was the result of his own carelessness and his unskilful methods in laying them.

2. The fourth cause for a new trial was the refusal of the court to strike out the testimony of Mr. Barbour, who at first stated the number of bricks shipped to the appellant, but afterwards acknowledged that he derived his information chiefly from entries on the books of the appellees, and from other sources than his own personal knowledge. The error, if any, was a harmless one. There was no real controversy over the number of bricks shipped to and received by the appellant. The testimony of the appellant himself, as well as other evidence before the jury, fully proved the fact; and, if the testimony of Mr. Barbour had been stricken out, the result would have been the same.

3. The bills of lading were closely connected with the transaction, and were properly admitted in evidence.

4. The fact that a member of appellees' firm, previous to the making of the contract, read the agreement before that entered into by the appellant and the city of Alexandria for the improvement of one of its streets, together with the bond executed by the appellant for the fulfillment of that agreement, and stated that his firm would accept such contract and bond as sufficient security upon appellant's contract with them, was immaterial, and the proof was properly excluded. When the latter agreement was made, a stipulation was inserted that the appellant would give good and sufficient bond or other security for the payment of all sums becoming due to the appellees on

account of the sale and delivery of the bricks. The appellant consented to this condition, and signed the agreement so written. All previous negotiations and propositions were merged in and superseded by the written contract.

5. For the same reason, the court did not err in excluding the contract with the city, and the bond accompanying it, when offered by appellant. The agreement between the appellant and the appellees required the latter to deliver bricks corresponding to certain samples furnished by them. This they were bound to do, but nothing more. The agreement contained the entire undertaking of the parties.

6. The expense of hauling and unloading defective brick on the street was attributable solely to the failure of the appellant to inspect them before he took them from the cars to the place where they were to be used. The ruling of the court excluding evidence of the cost of such hauling was correct.

7. The ninth, tenth, and eleventh causes for a new trial call in question the action of the court in permitting the appellees to prove that their failure to begin the shipment of the bricks to the appellant "about October 20, 1900," was due to appellant's neglect to complete the execution of the contract by furnishing the security required by his contract with them until October 27, 1900, and their inability to get cars after the security was so furnished. It is objected that appellees alleged in their complaint that they had fully performed the contract, and that no pleading was filed by them which authorized proof of an excuse for nonperformance. The sufficiency of the excuse itself is also denied. To these propositions there are several good answers. Nothing in the agreement indicates that time was of the essence of the contract. No precise date for the first shipment of bricks was named, but the same was to be made "about October 20, 1900." The first shipment was received by the appellant November —, 1900, without objection; and afterwards his only complaint was that

the shipments were too frequent, and the quantity of bricks sent too great for him to take care of. The delay of the appellant in furnishing the security called for by his contract with the appellees was the cause of their delay in making the first shipment. When the security was given October 27, 1900, they were unable to procure cars, but succeeded in doing so November 1, 1900.

8. The twelfth, thirteenth, and fourteenth causes for a new trial were the alleged errors of the court in refusing to give instructions one, three, and four tendered by appellant, and in giving instruction two at the request of appellees. The appellees were bound to deliver brick of the same kind and quality as the samples furnished by them. If the brick delivered did not correspond with the samples, the appellant had the right to reject them. Before using them, it was his duty to inspect them; and he had no right to lay them in the street without inspection, and charge the appellees with the expense of removing, resetting, or hauling them away. The jury made a considerable deduction from appellees' claim on account of bad or defective brick and brick not delivered, and, upon the whole record, the result reached appears to have been reasonable and just.

We find no error. Judgment affirmed.