LEO M. FREEMAN & another *vs.* WILLIAM F. HEDRINGTON.

Suffolk.    November 12, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Contract*, Construction.    *Sale.    Pleading, Civil,* Answer·    *Words,* "About."

If one buys horses on the eighteenth or nineteenth and the twenty-third days of a certain month and promises to pay for them "about" the first day of the next month, this is not a promise to pay for the horses five days before the first day of the next month, and an action for the price of the horses brought five days before that day is brought prematurely, and the plaintiff should be nonsuited.

In an action of contract for the price of chattels sold and delivered, the defendant can show under a general denial that the action was brought prematurely before the day on which the price was payable.

CONTRACT for the price of horses sold and delivered. Writ dated March 27, 1908.

The answer was a general denial.

In the Superior Court the case was tried before *White,* J., who at the close of the plaintiff's testimony ruled that the evidence showed that the action had been brought prematurely, and upon that ground ordered a verdict for the defendant. At the request of the plaintiff and with the consent of the defendant, the judge reported the case for determination by this court. If the ruling of the judge was right, the plaintiff was to become nonsuit; if his ruling was wrong, judgment was to be entered for the plaintiff in the sum of $1,275.

*J. P. Richardson,* for the plaintiffs.

*P. B. Kiernan,* for the defendant.

RUGG, J. This is an action to recover the price of horses sold and delivered by the plaintiffs to the defendant. In the Superior Court a verdict was directed for the defendant, on the ground that the action was prematurely brought. The writ was dated and an attachment made on March 27, 1908.

The only evidence came from one of the plaintiffs, who testified respecting the term of credit, that the defendant said, when purchasing the horses, which was on March 18 or 19 and on March 23, that at the first of the coming month he would pay, and that the witness was willing to wait until then. On re-direct examination, he testified that the defendant said, " Now, I want those horses and I will pay about — he didn't put it exactly the first day of the month; he put it the first of the month. . . . I will pay you about the first of the month." Notwithstanding that the weight of the testimony as disclosed on the record taken as a whole seems strongly to show an agreement that the payment should be on the first of April, yet the witness did testify that the promise, to which he assented, was to pay " about the first of the month." The plaintiffs are entitled to have the case considered on the theory that the jury might have taken the view most favorable to them, that is, that the promise was to pay about the first of April. The construction of the contract depends upon the meaning to be attributed to " about." It is a word of somewhat flexible signification, which may vary with the circumstances and the connection in which it is em-

ployed. But when used in such a sense as to become a part of a contract, it denotes approximation to exactness. It allows a play within somewhat narrow limits, the oscillation depending in some degree upon the subject to which it is applied. While it gives a margin for some excess or diminution, it cannot reasonably be intended to include a very large fraction of the whole touching which it is used. As to time in the immediate future, it would ordinarily be understood as indicating a near approach to definiteness.

In the case at bar with reference to the date mentioned, the first sale was made not earlier than fourteen days, and the second nine days before April 1, while the action was begun five days before that date. The word " about " cannot be reasonably interpreted to cover so large a, fraction of the total term of credit as three sevenths or two thirds. *Davison* v. *Von Lingen,* 113 U. S. 40. *Owens* v. *Campbell,* [1904] 2 K. B. 60. *Sanders* v. *Munson,* 74 Fed. Rep. 649. *The Rygja,* 161 Fed. Rep. 106. *Reuter* v. *Sala,* 4 C. P. D. 239, 294. *Powell* v. *Brown,* [1899] 1 Q. B. 157. *Fenn* v. *Miller,* [1900] 1 Q. B. 788. There being no conflicting evidence as to what the contract in its aspect most favorable to the plaintiffs actually was, its interpretation was for the court and a verdict for the defendant was rightly directed.

That the action was prematurely brought was open under a general denial. *Waterhouse* v. *Levine,* 182 Mass. 407. *Reed* v. *Scituate,* 7 Allen, 141, upon which the plaintiff relies, is distinguished from a case like the present in *Wilder* v. *Colby,* 134· Mass. 377, 380.

In accordance with the terms of the report and the stipulation of the parties, the entry is to be made,

*Plaintiffs nonsuited.*