### E. M. AWE, Appellee, v. C. W. GADD, Appellant.

CONTRACTS: Modification and Merger—Evidence. The plea that
1 a written contract was set aside and an oral one substituted
therefor is not sustained by evidence of indefinite and uncer-
tain conversations between the parties.

CONTRACTS:   Consideration — Fulfilling   Existing   Obligation.
2 Merely fulfilling an existing obligation will not supply a new
consideration for an additional promise.

*Appeal from Winnebago District Court.—M. F. EDWARDS,*
*Judge.*

MONDAY, MARCH 12, 1917.

ACTION at law to recover of the defendant an alleged
balance due of the purchase money or consideration to be
paid plaintiff by the defendant upon the sale of land. There
was a verdict and judgment for the plaintiff for $1,000, and
the defendant has appealed.—*Reversed.*

*Burt J. Thompson, Alan Loth* and *Senneff, Bliss & Wit-*
*wer,* for appellant.

*E. H. Lundy, Maurice O'Connor, Dean Peisen* and *H. A.*
*Brown,* for appellee.

EVANS, J.—This case bristles with trou-
ble. The plaintiff based his right of recov-
ery upon an alleged oral agreement. He
was confronted with the two-fold necessity
of (1) avoiding the legal effect of a written contract, and
(2) avoiding the statute of frauds.

The case was originally brought in equity. After sev-
eral amendments and substituted pleadings filed by the
plaintiff, he obtained a transfer of his cause to the law side,
and it was so tried to the jury. Because of the narrow
course open to the plaintiff in any view, and of the double
menace on either side, he became involved in some incon-

sistency in the course of the trial, both in the matter of pleading and in the matter of his own testimony; and this in turn became the occasion of some errors which appear in the record. In the final form of his petition, the plaintiff declared upon an oral contract whereby he sold to the defendant an encumbered farm, and whereby the defendant, as a consideration for the conveyance, assumed to pay the encumbrances, and further agreed to pay the plaintiff all the surplus which defendant should realize by a sale of the farm, if any, and the reasonable value of the farm above encumbrance, if no sale were made. The defendant pleaded that the transaction had between the parties was in the form of a written contract known in this record as "Exhibit B," and that the conveyance of the land was made pursuant to such written contract. By a reply, the plaintiff admitted the writing, Exhibit B, but assailed its validity on the ground of false representations. He also pleaded that, after its execution, the written contract was set aside by the parties thereto, by mutual agreement, and that a new oral agreement or modification was substituted therefor. On the trial, the evidence wholly failed to sustain the attack upon the validity of the written contract, and the trial court so instructed the jury; and instructed also that such contract, Exhibit B, was binding upon the parties, unless the jury found that it had been set aside or modified by the mutual agreement of the parties after its execution and before the execution of the deed. It is the contention of the defendant, appellant herein, . that the evidence wholly failed to show such mutual agreement of substitution or modification, and wholly failed to show any consideration for the alleged modification. This question goes so deeply into the heart of the case that we give it our first consideration.

1. Exhibit B was a written contract entered into by the parties hereto on March 28, 1908, whereby the plaintiff

agreed to convey to the defendant by warranty deed, to be signed by himself and wife, the farm in question, and whereby the consideration specified was the assumption by the defendant of all the record encumbrances thereon. The encumbrances amounted approximately to $10,860. The jury by its verdict found, in effect, that the farm was worth $1,000 in excess of such sum. By the provisions of the contract, the conveyance was to be made on March 30, 1908. On March 30th, the plaintiff did deliver to the defendant a warranty deed duly executed by himself and wife. Starting with the proposition, as we must, that the written contract was valid and enforceable, the case at this point turns wholly upon the sufficiency of the evidence to sustain the claim of a subsequent mutual agreement to set aside or modify the written contract. The written contract was entered into on Saturday afternoon. The deed was executed and delivered on Monday. Referring to what transpired between the parties on Monday, the plaintiff testified on direct examination as follows:

"Q. Did you mention this contract to him at that time? A. Yes, sir. I told him that we come in to do as we agreed —to give him a deed; but I noticed that the agreement was not carried out in writing, but I hoped that he would do just as he said he would. He said, 'I surely will, Mr. Awe.' The deed was turned over to him."

On cross-examination, he testified substantially to the same effect, as follows:

" 'Now,' I says, 'we come in here to do just as we agreed, to give you that deed, but,' I says, 'I find that the agreement is not carried out in writing in the contract, but I hope that you will do just as you said.' He says, 'I certainly will.' That is all that was said about it that morning. There wasn't anything more definite said than that. I don't remember anything else. Then I and my wife signed the deed. After we gave the deed, we entered into a written

lease renting the farm from him, and gave him our notes for $500."

The foregoing comprises the entire testimony upon which the claim of substitution or modification is based. Accepting the testimony as true, can it be said that it shows any mutual agreement of the parties to set aside the written contract or to modify it, or to adopt a new oral contract in lieu thereof? If yea, what was the substituted contract or the new modification? It is not entirely clear from the pleadings or from the briefs whether the plaintiff contends for a strictly substituted contract in lieu of the written contract or for only a modification of the written contract. It is undoubtedly true that the parties may, by oral agreement, set aside a previous written contract and substitute a new oral agreement in lieu thereof. In such case, the old agreement would be the consideration for the new. It is clear also that nothing of that kind is shown in the record. Little reliance could be placed upon written contracts if they could be deemed set aside by such indefinite conversations as above set forth.

It is doubtless competent, also, for parties to agree upon a modification of a previous written contract, as distinguished from a complete setting aside thereof or a complete substitution therefor. It is doubtless true, also, that the evidence above quoted tends more to show a modification of the contract than a substitution therefor. The modification contended for by the plaintiff is that the defendant by such modification was to pay the plaintiff the surplus value which would or ought to be realized from the sale of the farm. If this be taken as the effect of the Monday conversation, then the defendant orally undertook on Monday an obligation which he had not assumed in the written contract. It was incumbent upon the plaintiff to show a consideration for such undertaking. What was the

2. CONTRACTS: consideration: fulfilling existing obligation.

consideration? The consideration pleaded by the plaintiff and urged in argument is the claimed invalidity of the written contract, in that it was entered into by mutual mistake and in that the defendant deceived the plaintiff as to its contents, and in that the wife of the plaintiff had not signed the contract. But all these defenses were eliminated by the trial court, and properly so upon the record. The trial court peremptorily instructed the jury that the written contract was valid. In the conversation of Monday, the plaintiff undertook nothing and did nothing that he was not bound to do by the terms of the written contract. It will not avail him as a consideration to say now as a witness that he would not have performed the written contract without the additional promise. This question has frequently been passed on by this court. In *Runkle & Fouse v. Kettering,* 127 Iowa 6, we said:

"Merely fulfilling an existing obligation would not supply a new consideration. In so doing he merely discharged an obligation previously undertaken, and which might have been enforced independent of the condition said to have been imposed."

To the same effect are the following authorities: *Ayres v. Chicago, R. I. & P. R. Co.,* 52 Iowa 478; *McCarty v. Hampton Building Assn.,* 61 Iowa 287; *Eastman v. Miller,* 113 Iowa 404; *King v. Duluth, M. & N. R. Co.,* (Minn.) 63 N. W. 1105; *Festerman v. Parker,* 32 N. C. 474.

We think there is no escape from the contention that no consideration appears for the modification claimed.

We think it equally clear that the evidence above quoted was too indefinite and incomplete to base a cause of action thereon. The language attributed to the plaintiff by his own testimony did not purport to state in what respect the written contract failed to embody the understanding of the parties, nor did he in any other way make known to the defendant what was in his mind at that time. The

language attributed to the defendant did not purport to set aside the written contract, nor did it purport to adopt the modification for which the plaintiff now contends. The agreement of the defendant that he would do what he said, was not, of itself, inconsistent with the written contract. Indeed, the written contract was presumptively consistent with what had been previously said. Granting that it was competent for the parties to have agreed that, through mutual mistake or otherwise, something had been omitted from the written contract which ought to have been included, even this would involve a meeting of the minds as to what such omission was. There is no claim by plaintiff as a witness that the parties agreed on Monday on the extent or form of the modification which was to be made. Giving to plaintiff's testimony, therefore, its fullest effect, there was no meeting of the minds of the parties on the modification which is now contended for. All the plaintiff claims is that the minds of the parties had met on that question prior to the execution of the written contract. But the written contract, being concededly valid, was itself the best evidence of what had been agreed upon before its execution. The plaintiff's cause of action is based upon the subsequent oral agreement, and not upon any previous one. If sufficient evidence of such subsequent oral agreement had been introduced, perhaps it could have been properly corroborated by evidence of the previous talk. We do not pass upon this question. If such evidence could be admissible, it could be only for the purpose of establishing a subsequent agreement. We must not lose sight of the fact that the action is at law, and that the issues involved are purely legal issues. The plaintiff had a complete remedy in equity to obtain a reformation of the contract if he was entitled to it. In such an action he could have gone fully into the antecedent conversations. He brought his action in equity in the first instance, and he had thereby an open door to a full hearing

as to antecedent conversations, and to full equitable relief. He chose, however, to abandon his claim to equitable relief and to maintain his action at law.

We are constrained to hold, therefore, that the rights of the parties must be determined in accordance with the terms of the written contract, and this is concededly fatal to plaintiff's cause. In view of our conclusion at this point, we have no need to deal with other questions presented upon the record.

The judgment below is accordingly—*Reversed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.