## FRIEDMAN ET AL. *v.* CITIZENS NATURAL GAS, OIL AND WATER COMPANY.

[No. 12,313. Filed April 9, 1925.]

1. SALES.—*Where no definite time fixed for payment of goods purchased, the law presumes a reasonable time only.*—Where no definite time was fixed for buyer's removal of and payment for goods purchased, the law presumes a reasonable time only, and a delay of two years was unreasonable. p. 671.

2. EVIDENCE.—*Written agreement cannot be contradicted, varied or modified by prior or contemporaneous verbal agreements.*— In the absence of fraud or mistake, a written contract merges all prior parol negotiations, and any parol agreement made before or contemporaneously with a written contract cannot contradict, vary or modify its terms. p. 671.

3. EVIDENCE.—*Where the consideration of a written contract is contractual, parol testimony cannot be received to add to or vary the consideration specified.*—As a general rule, where the consideration for a written contract is contractual, parol testimony cannot be received to add to or vary the consideration specified. p. 672.

4. EVIDENCE.—*Parol testimony will not be received to vary, contradict or add to the stipulated consideration of a complete written contract.*—While, as a general rule, the consideration expressed in a written contract may be varied or contradicted by parol evidence, where the contract is complete on its face, a stipulation therein as to the consideration becomes contractual, and parol testimony will not be received to vary, contradict or add to the consideration stated. p. 672.

5. APPEAL.—*Appellate tribunal cannot consider evidence in reviewing ruling on demurrer.*—An appellate tribunal cannot consider the evidence in reviewing ruling on demurrer to a pleading. p. 673.

6. SALES.—*Seller's representation as to quantity of buried gas pipe held mere expression of opinion as to quantity and not fraudulent representations to induce purchase.*—Representa-

tions as to the quantity of gas pipe to be sold from an abandoned gas plant, the pipe being, at the time, buried in the ground, and had been for many years, *held* mere expressions of opinion and not fraudulent representations to induce the purchase thereof where buyer was only required to pay for quantity that could be removed from the ground.  p. 673.

7. FRAUD.—*Counterclaim for fraud in misrepresenting the number of abandoned gas-wells sold to buyer held insufficient for want of averment as to possibility of inspection of wells.*—In an action to recover the stipulated price for the buried pipe of an abandoned natural gas plant, together with the piping in abandoned wells, a counterclaim for damages for the alleged fraud of the seller in misrepresenting the number of such wells was insufficient which did not allege that the buyer could not have inspected them and thus learned that they were producing wells which had not been abandoned.  p. 673.

8. INTEREST.—*Interest on purchase price of goods sold, when allowable.*—Interest is allowable on the purchase price of goods sold to be paid for on removal from seller's premises when there is unreasonable delay in the removal.  p. 674.

9. SALES.—*Plea of set-off held insufficient in an action for the price of abandoned gas-wells.*—In an action for the price of the pipes in an indefinite number of abandoned gas-wells, a plea of set-off for damages by reason of the seller's failure to deliver a part of the wells sold was insufficient in the absence of an allegation that they were not included among those reserved by the contract of sale.  p. 674.

10. TRIAL.—*Refusal to give instruction not error when covered by instruction given.*—Refusal to give requested instruction was not error when the subject-matter thereof was fully covered by an instruction given by the court.  p. 675.

From Decatur Circuit Court; *John W. Craig*, Judge.

Action by the Citizen's Natural Gas, Oil and Water Company against Louis Friedman and another.  From a judgment for plaintiff, the defendants appeal.  *Affirmed.*

*Silverburg, Bracken & Gray, George H. Meiks* and *Thomas E. Davidson*, for appellants.

*Tremain & Turner, Elmer Bassett* and *Wray & Sullivan*, for appellee.

NICHOLS, J.—Action by appellee against appellants upon a written contract for the sale of certain pipe,

pumping stations and gas wells by appellee to appellant, Friedman, and upon a bond executed by the appellants guaranteeing the performance of said contract.

It is stipulated in the contract, *inter alia*, that "Friedman also agrees and binds himself to pay said company the sum of $7,000 for all pipes and machinery and other equipment of the two pumping stations of said company, the same to be paid for in cash as soon as removed from the premises where the same are now located."

It was also stipulated therein that said Friedman was to take and to pay for all pipe that could be taken out of the ground or that was furnished as it then was, good, bad or indifferent, without regard to quality, at a mentioned price per foot for the respective sizes of pipe. Said Friedman was to take and pay for all pipe, drive pipe and casing that could be recovered from any and all wells that may be sold by said company to him at the rate of $50 for each well. He was to pay $7,000 for all pipes and machinery of the two pumping stations of the company. He paid for the pipe, drive pipe and casing, but failed to pay for the pipes and machinery of the pumping stations and this action resulted.

Appellants filed five paragraphs of answer, a denial, and four affirmative paragraphs. The fourth paragraph avers, in substance, that Friedman purchased the two pumping stations for $7,000 for the purpose of reselling the same, and, as a part of the consideration for said contract, it was agreed between the appellee and Friedman that the pumping stations were not to be paid for until the same had been resold by Friedman and removed from the premises; that said pumping stations were of no value and that Friedman had not been able to sell them, and that the same had not been removed from the premises.

The fifth paragraph avers that, prior to the execution of the contract, appellee, with the intent to deceive

and defraud Friedman and induce him to purchase said pipe, pipe lines and pumping stations, falsely and fraudulently represented to him that said pipe and pipe lines consisted of the following quantities of wrought iron pipe, to wit: thirty-three miles of six inch pipe; two miles of four inch pipe; two miles of three inch pipe; ten miles of two inch pipe; and falsely and fraudulently represented to the said Friedman that twenty-one of said gas wells did not have sufficient gas for sale to others; that he relied upon said statements and was thereby induced to enter into said contract and purchase said property; that, at said time, the said pipe and pipe lines were buried in the ground at a depth of two to three feet and that he had no knowledge or information and no means or opportunity of obtaining any knowledge as to the quantity of pipe contained in said pipe lines, other than the information contained in the representations of appellee; that he took up and removed said pipe and pipe lines, but that there was a shortage of 19,016 feet of six inch pipe; 4,303 feet of four inch pipe; and 10,289 feet of two inch pipe; that appellee refused to deliver the quantity of pipe above mentioned and refused to deliver eleven of the gas wells and that, by reason thereof, the said Friedman was damaged in the sum of $7,000, for which he demands judgment.

Appellee's demurrer to the fourth and fifth paragraphs of answer was sustained.

The cause was submitted to a jury for trial, which resulted in a verdict in favor of appellee.

Appellants' motion for a new trial was overruled. The court rendered judgment in favor of appellee, from which this appeal is prosecuted.

The errors relied upon for a reversal are the action of the court in sustaining appellee's demurrer to the fourth paragraph of answer; in sustaining appellee's

demurrer to the fifth paragraph of answer; and in overruling appellants' motion for a new trial.

It appears by the complaint that the pipe and machinery of the pumping stations were purchased by appellant Friedman under a written contract executed on October 1, 1918, for the price of $7,000, which he agreed to pay as soon as the pipes and machinery were removed from the premises where they were then located, and that nearly two years had elapsed since the purchase. The fourth paragraph of answer shows long and unreasonable delay in removing the pipes and machinery and the payment therefor, and where, as here, no definite time was fixed for such removal and payment, the law presumes a reasonable time only. *Myers* v. *Cicott* (1839), 5 Blackf. 225; *Bruce* v. *Smith* (1873), 44 Ind. 1, 8; *Brown* v. *Brown* (1885), 103 Ind. 23, 27, 2 N. E. 233; *Perry* v. *Acme Oil Co.* (1909), 44 Ind. App. 207, 88 N. E. 859; *O'Brien* v. *Higley* (1904), 162 Ind. 316, 318, 319, 70 N. E. 242.

This paragraph avers that, as a part of the consideration for the contract, it was agreed between appellee and Friedman that the machinery and pipes of the pumping stations were not to be paid for until the same had been resold. Such an averment is in direct conflict with the stipulation of the written contract upon which the complaint was based. It is a familiar rule that, in the absence of fraud or mistake, a written contract merges all prior parol negotiations, and any parol agreement made before or contemporaneously with a written contract cannot be permitted to contradict, vary or modify its terms. *O'Brien* v. *Higley, supra; Ralya* v. *Atkins & Co.* (1901), 157 Ind. 331, 339, 340, 61 N. E. 126; *Hardin* v. *Sweeney* (1913), 54 Ind. App. 614, 616; *Murray* v. *Murray* (1916), 62 Ind. App. 132.

It is true that it is averred that this parol agreement

was a part of the consideration, but the consideration was contractual and, while it is the general rule that the consideration expressed in a writing may be varied or contradicted by parol evidence, *Rockhill* v. *Spragas* (1857), 9 Ind. 31, 68 Am. Dec. 607; *Levering* v. *Shockey* (1885), 100 Ind. 558, such rule has its limitation in that where the contract is complete on its face, a stipulation as to the consideration becomes contractual, and the ordinary rule with reference to the effect that parol testimony cannot be received to vary, contradict, or add to, the terms of a written contract prevails, and, under such circumstances, the consideration expressed cannot be varied by parol any more than any other portion of the written contract. *Pickett* v. *Green* (1889), 120 Ind. 584, 22 N. E. 737; *Indianapolis Union R. Co.* v. *Houlihan* (1901), 157 Ind. 494, 506, 60 N. E. 943, 54 L. R. A. 787; *Pennsylvania Co.* v. *Dolan* (1892), 6 Ind. App. 109, 120, 32 N. E. 802, 51 Am. St. 289; *Citizens National Bank* v. *Kerney* (1915), 59 Ind. App. 96, 100, 108 N. E. 143.

It appears by the complaint that appellee had sold to appellant all of the gas line and pipe outside the city of Shelbyville, and all gas wells of said company, except such wells as it might reserve that had sufficient gas in them for use for sale to others. It appears from the pleadings, taken as a whole, that this sale was of the gas lines, etc., of an abandoned gas plant, and that appellant Friedman purchased the same at a stipulated price per foot for the respective sizes for all pipe that could be taken out of the ground, or that was furnished, as it then was, good, bad or indifferent, without regard to quality.

It appears by the fifth paragraph of answer that these gas lines extended for several miles in various directions from the city of Shelbyville, and that they were buried at a depth of from two to three feet.

We are not permitted to consider the evidence, by which it appears that the company had been using gas from the lines for more than thirty-one years, in ruling upon demurrers to pleadings, but we can reasonably infer from the pleadings themselves that a plant of such extent, supplied at the time of the contract involved with gas from twenty-one wells, and that eventually had two pumping stations installed in order to keep up the supply of gas, had been in existence for a long period of time and that there developed in the course of time some uncertainty as to the amount of buried gas lines. These facts and inferences, together with the fact that appellant Friedman was only required to pay for such gas pipe as could be taken out of the ground, forces upon us the conclusion that the representations alleged in the fifth paragraph of answer as to the amount of such gas lines were expressions of opinion as to quantity, rather than fraudulent representations for the purpose of inducing a sale. So far as appears from this paragraph of answer, the shortage therein alleged may have resulted from the quantity of gas pipe that appellant Friedman was unable to take out of the ground because of its condition. Such gas lines buried in the earth for years at a depth of two or three feet could have had but a speculative value, and the market value mentioned in the pleading must refer to a value of the gas pipe at some place after it was taken from the ground. There is no averment in the answer as to the expense per foot of removing this gas pipe from the ground and of marketing the same. These elements must be considered in determining the damages suffered, if any. Appellant Friedman paid for such gas pipe as he was able to take out of the ground and for no more. He received the full contract value for his payment, and his damage, if any,

suffered, consisted in the speculative profits on the gas pipe which appellee was unable to deliver to him.  It is not averred in the answer that the eleven gas wells which appellee failed to deliver to Friedman could not have been inspected by appellant at the time representations concerning them were made, nor that they were not producing sufficient gas to justify their sale to others as provided in the contract.  We must hold that this paragraph of answer, which is in fact a counterclaim, is not sufficient as such.  The court did not err in sustaining the respective demurrers to the fourth and fifth paragraphs of answer.

The court instructed the jury that appellee was entitled to recover on its complaint $7,000 and interest from the time that the jury might find was a reasonable time after the execution of the contract in which appellant should remove the pipes and machinery of the pumping stations.  Appellant complains of this instruction, but we find no error in it.  The complaint seeks to recover for the contract price of the pipes and machinery of the pumping stations which was $7,000.  It is not disputed that this had not been paid.  Appellant took possession of this property October 1, 1918, and the verdict of the jury was on May 2, 1923.  After allowing a reasonable time within which to remove the property, interest thereafter was allowable.  As to whether the amount of this recovery should be reduced by reason of the averments of the third paragraph of answer is hereinafter considered.

Appellant complains of instruction No. 2, given by the court on its own motion.  This instruction told the jury that as a matter of law there could be no recovery upon the third paragraph of answer.

This paragraph of answer was an answer of setoff wherein appellant sought to set off against appel-

lee's claim damages suffered by appellant by reason of appellee's failure to deliver eleven gas wells to him; but there was no averment or proof that these gas wells did not contain sufficient gas to justify appellee, under the terms of the contract, in retaining them and selling them to others. Without such averment and proof there could be no recovery for failure to deliver the wells to appellant.

An instruction tendered by appellant and refused was fully covered by instruction No. 6, given by the court on its own motion. Error of the court as to the admissibility of certain evidence is presented, but we have carefully examined such questions and we find no substantial error. There is ample evidence to sustain the verdict.

The judgment is affirmed.

McMahan, J., concurs.