NORTH AMERICAN GINSENG COMPANY, Appellee, v. A. O. GIL-
BERTSON, Appellant.

**CUSTOMS AND USAGES:** Varying Terms of Contract—Delivery of
1 **Goods.** A seller who has contracted to deliver "about" a named
date a specified quantity of "dry ginseng" may not excuse his
failure to deliver at approximately said time by the plea of a gen-
eral custom to the effect "that delivery was not to be made until
the roots had been thoroughly dried according to a well established
method of treatment."

**WORDS AND PHRASES:** "About November First." A contract to
2 deliver a commercial product "about November first" requires a
delivery substantially on said date, or near approximation thereto.
An offer to deliver six weeks after said date is not a compliance
with the contract. (See Book of Anno., Vol. 1, Sec. 63.)

**SALES:** Delivery of Goods—Waiver. A waiver of the contract time
3 for the delivery of goods is not established by testimony simply
showing forbearance on the part of the buyer to specifically insist
upon immediate delivery according to the contract. (See Book of
Anno., Vol. 1, Sec. 9972.)

Headnote 1: 17 C. J. p. 513. Headnote 2: 1 C. J. p. 338. Headnote
3: 35 Cyc. p. 611.

*Appeal from Floyd District Court.*—M. F. EDWARDS, Judge.

DECEMBER 15, 1925.

ACTION upon a written contract, to recover the advance pay-
ment on the purchase of a quantity of ginseng. The defendant
set up a counterclaim for damages, alleging a breach of the con-
tract by the plaintiff. A jury was waived, and the cause tried
to the court. Judgment was entered in favor of the plaintiff,
and the defendant appeals.—*Affirmed.*

*J. C. Campbell,* for appellant.

*Ernest Hausberg,* for appellee.

STEVENS, J.—I.   On the 23d of May, the parties to this action entered into a written contract for the sale of a quantity of ginseng, as follows:

"St. Ansgar, Iowa, 5-23-23.
"Memorandum of Sale.

"Sold to the North American Ginseng Company, Inc. about 1000 pounds of dry Ginseng free of Culls, fiber and Broken Root, at $14.50 per pound.

"Prices on Culls, Fiber & Broken as follows:

"Price for Fiber $3.00 per pound.

"Ginseng to be shipped by Express about November 1st, 1923, addressed to the North American Ginseng Company, Inc., 126-130 West 22nd St., New York.

"Received as deposit and part payment on account $1,000.00.   Balance to be paid when delivered to Express Co. at St. Ansgar.

"Upon making shipment seller agrees to value above shipment to Express Company at 10% above billing.

"Approved:   North American Ginseng Co., Inc. per H. A. Schoenen, Buyer.   Signed:   Gilbertson Seed & Herb Co. by A. O. Gilbertson.   Pr. Seller."

Appellant failed to deliver the ginseng, and, on December 11th, appellee demanded the return of the cash payment, and later commenced this action to recover the same.   The execution of the contract is admitted, but appellant alleged, by way of counterclaim, that appellee breached it by refusing to receive the ginseng as soon as it could be dried and made ready for shipment.

1. CUSTOMS AND USAGES: varying terms of contract: delivery of goods.

Appellant alleged in its answer and counterclaim that there exists a well established custom or usage among growers and dealers in ginseng that delivery shall not be made until the root has been thoroughly dried or matured, according to well established methods of treatment; that the ginseng in question did not mature so that the roots could be dug and dried in time for delivery November 1st, nor prior to December 11th, when appellee demanded the return of the advance deposit; that the custom and usage were well known and understood by the parties to this action; and that the contract of sale was entered into

with the same in mind, and contemplated that delivery would be made as soon as the ginseng was matured and dried, as above stated. He further alleged that it was known and understood by both parties that the exact time when the ginseng would be ready for delivery could not be determined at the time the contract was executed, and that the exact date was not inserted therein for this reason. Upon motion of appellee, the court struck these allegations of the answer. This ruling presents the first question for our consideration.

By reference to the contract, it will be seen that the ginseng sold was to be "dry, free of culls, fiber and broken root." No plea or proof of usage or custom, which is sometimes treated as a part of the contract, could add anything to the contract. The usage and custom pleaded were as to the maturing of the root for shipment, and, as the contract required that it be dry, it fully took the place of any custom or usage as to this matter. The question is not one so much of custom or usage as it is of the circumstances surrounding the transaction and the admissibility of evidence thereof as tending to throw light upon the meaning intended by the parties by the words "about November 1st."

We assume that ginseng, which requires years to mature, is, nevertheless, to some extent seasonable, and that it reaches maturity in the fall. The term "about November 1st" admits

2. WORDS AND PHRASES: "about November first." of some flexibility, but it must, nevertheless, be held to mean substantially the date fixed, or a near approximation thereto. Six weeks after November 1st could hardly be said to have been within the contemplation of the parties. The term admits of no such flexibility when used in a contract to fix a time for the delivery of a commercial product. *Freeman v. Hedrington,* 204 Mass. 238 (90 N. E. 519); *O'Brien v. Higley,* 162 Ind. 316 (70 N. E. 242); *White & Co. v. McMillan,* 114 N. C. 349 (19 S. E. 234); *Loomis v. Norman Printers Supply Co.,* 81 Conn. 343 (71 Atl. 358); *Paine v. Commissioner of State Land Office,* 66 Mich. 245 (33 N. W. 491).

The court permitted appellant to introduce testimony showing the treatment accorded the ginseng in question, and as to the time when it was ready for shipment, as well as of the de-

cline in the market price from $12.50 to $10 per pound. We are of the opinion that delivery of the ginseng was not made or offered within the time clearly required by the terms of the contract, and that the court properly struck the plea of custom or usage from appellant's answer.

II. Appellant also pleaded a waiver by appellee of the time fixed by the contract for delivery, and introduced considerable evidence in support of this plea. The evidence on this point consists entirely of letters and telegrams exchanged by the respective parties. The first communication is a letter dated September 12th.

3. SALES: delivery of goods: waiver.

In this letter, written on behalf of appellee, inquiry is made as to the "approximate date that you will ship this ginseng to us." The reply, dated October 1st, informed appellee that the ginseng would be ready for delivery about November 15th. On November 17th, appellant wired appellee, "Ginseng will be ready in one week." This telegram was answered by appellee November 19th, the letter expressing surprise that the ginseng would not be sooner ready for delivery, and saying that a representative would call, about November 26th and 27th, and that "we will endeavor to come to an understanding with you regarding this transaction." On November 27th, appellee advised appellant that its buyer could not call, and requested the shipment by express of a 50-pound sample of ginseng for inspection, saying that, if the quality warranted, a possible extension of time would be granted. Appellant did not answer this communication, and on December 11th, appellee wrote, demanding the return of the $1,000 advance payment.

Waiver is everywhere defined as the intentional relinquishment of a known right. The intention, where the waiver is implied, is a matter of inference, to be drawn from the facts and circumstances relied upon to constitute the same. There is no direct expression in any of the correspondence on behalf of appellee of an intention to relinquish any right conferred by the written instrument. No express waiver is alleged or proved. An extension of time for delivery by the agreement of the parties would constitute a modification of the original contract, and would have to be supported by a consideration, the same as any other contract. *Awe v. Gadd*, 179 Iowa 520. Of course, the

question of a consideration does not enter into a waiver to be implied from the acts and conduct of one of the parties to the contract. *Jobst v. Hayden Bros.*, 84 Neb. 735 (121 N. W. 957). An implied waiver is, in a sense, more or less a direct kin to an estoppel. There is, however, a distinction often to be made between them, and a waiver does not necessarily include all of the elements of an estoppel.

The case was tried to the court without a jury, and therefore the conclusion reached below on the facts has the same weight as the verdict of a jury. The court found specifically that the plea of waiver was not sustained by the evidence. In so far as the question is one of fact, the finding of the trial court is not reviewable on appeal. The evidence really established nothing more, as we view it, than forbearance on the part of appellee to specifically insist upon the immediate delivery of the ginseng. Appellee could not be held to have intentionally relinquished its obvious rights under the contract by making inquiry as to when delivery would be made, or by proposing further possible negotiations relative to the matter. All this may have been for the very purpose of determining whether an extension of time would be granted and the provisions of the contract waived.

It appears to be the thought of counsel for appellant that the court disregarded the evidence of waiver. We do not so interpret the record. Instead, the judgment specifically finds that the plea was not sustained by the evidence.

Other questions argued by counsel are sufficiently disposed of by what has already been said. We find no error in the record, and the judgment is—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.